**Daly N. BRAXTON and Sharon Braxton, minors, by Sadie Braxton, their mother and next friend, et al., Plaintiffs,**

**v.**

**The BOARD OF PUBLIC INSTRUCTION OF DUVAL COUNTY, FLORIDA, a body corporate, et al., Defendants.**

**No. 4598–Civ–J.**

United States District Court
M. D. Florida,
Jacksonville Division.
June 6, 1969.

William H. Maness, Jacksonville, Fla., for Booker C. Peek.

William L. Durden, Gen. Counsel, City of Jacksonville, Jacksonville, Fla., and Yardley D. Buckman, Assistant Counsel, City of Jacksonville, for defendant Board.

### ORDER

WILLIAM A. McRAE, Jr., District Judge.

An evidentiary hearing was held in the above captioned cause on May 29, 1969, on the issues raised by the motion of Booker C. Peek for Order to Show Cause and for Mandatory Injunction, and the response of the Defendant Board thereto. The testimony and evidence presented clearly establish that Booker C. Peek is a superior French teacher and the only black teacher on the 110 member faculty of Ribault Senior High School, which has over 2300 students, approximately 27 of whom are black. The evidence also establishes that Mr. Peek was not reappointed to the Duval County School System for the 1969–70 school year for the sole reason that his Principal recommended "non-reappointment" because of Mr. Peek's repeated refusal to comply with the request of the Principal that he remove his goatee.

■ Jurisdiction of this cause is claimed under the Order of this Court filed herein January 24, 1967, which forbids the dismissal, or the passing over for retention, of any teacher because of "race or color" and places the Defendant Board under the affirmative duty so to administer the school system as to eliminate completely race or color as a factor in hiring and assigning teachers. This jurisdictional requirement has been amply demonstrated, as hereafter noted, by the failure of the Defendant Board to reappoint said teacher, especially in view of the complete absence of any written rule or regulation or established policy applicable throughout the system by which to measure the discretion apparently conferred upon each Principal by the Defendant Board in matters of personal appearance.

In reaching this conclusion, the Court does not treat lightly the problems of discipline and deportment of students or discourage reasonable regulations designed to insure appropriate dress for students. No evidence has been presented, however, which would indicate that the wearing of a goatee by Mr. Peek might reasonably be expected to cause a disruption of the discipline of Ribault Senior High School or to encourage inappropriate dress by its students. Nor has there been any evidence that any such disruption in fact occurred.

■ The wearing of a beard by a teacher has been held to be a constitutionally protected liberty under the due process clause of the fourteenth amendment to the Constitution of the United States, see Finot v. Pasadena City Board of Education, 250 Cal.App.2d 189, 58 Cal.Rptr. 520, and the wearer of the goatee here involved deserves no less protection; furthermore where, as here, it is worn as "an appropriate expression of his heritage, culture and racial pride as a black man" its wearer also enjoys the protection of first amendment rights, at least the "peripheral protection" referred to in *Finot, supra.*

■ Therefore, this Court finds that under the circumstances of this case the action of the Principal in requesting the removal of the goatee was arbitrary, unreasonable, and based on personal preference. That it was also racially motivated follows as a matter of law and fact, as the evidence clearly shows (without a

specific finding as to the Principal's actual racial attitude) that the decision to recommend "non-reappointment", as implemented by the Defendant Board, is not free from institutional racism, the effects of which are manifested in an intolerance of ethnic diversity and racial pride.

■ Finally, counsel for the Defendant Board argues that since Mr. Peek was on annual contract and had not yet attained "continuing contract" or "tenure" status the Board should not be required to reappoint said teacher since his contract rights have been or will be fulfilled. It is now sufficient to say that " * * * the theory that public employment which may be denied altogether may be subjected to any conditions, regardless of how unreasonable, has been uniformly rejected." See Keyishian v. Board of Regents, 385 U.S. 589, 605–606, 87 S.Ct. 675, 685, 17 L.Ed.2d 629 (1967).

Accordingly, it is

Ordered and adjudged:

1. That the Defendant, Duval County School Board, is hereby directed and required to rescind or otherwise nullify the action taken by which Booker C. Peek was not reappointed in the Duval County School System for the 1969–70 school year, nunc pro tunc, as fully as if such action had not been taken.

2. That said Defendant Board is further directed and required to reappoint Booker C. Peek in the Duval County School System for the 1969–70 school year, on the same contract basis and with the same assignment which would have been made if the recommendation of his Principal had been favorable in every respect, and to notify Booker C. Peek forthwith of such reappointment and assignment; provided that if said teacher is assigned to any school other than Ribault Senior High School for the 1969–70 school year the Defendant Board shall file herein within five (5) days its reasons for such reassignment and justification for such transfer.

3. Jurisdiction of this matter is hereby retained to insure compliance with the directions herein set forth so long as necessary to eradicate completely any administrative action directly or indirectly related to the issues determined by this Order.