## Hair Regulation for School Teachers Unenforceable

PACKEL, Attorney General, February 22, 1974.—You have asked us whether a school board may lawfully impose on teachers a dress code which regulates the length of hair that they may grow. Specifically, the dress code in question, originally imposed on students, forbids mustaches or beards, regulates the length of side-burns and provides that hair may not be grown so that it goes below the collar.

It is our opinion that such regulation is unlawful.

In Official Attorney General's Opinion No. 153, 2 Pa. B. 2168 (November 11, 1972), this office informed the Secretary of Education that the case of Stull v. School Board of Western Beaver Jr.-Sr. High School, 459 F. 2d 339 (3d Cir., 1972), stood for the following:

"On the basis of that holding, you are advised that school board regulations regulating the length or style of students' hair are unconstitutional and unenforceable except under the following three narrow factual circumstances:

"1. If the length or style of hair causes an actual disruption of the educational process.

"2. If the length or style of hair constitutes a health hazard.

"3. If the length or style of hair constitutes a safety hazard, e.g., in shop classes."

Our study of the law indicates that the same basic rule must apply to regulation of hair length and styles of teachers. The court's holding in Stull that "governance of the length and style of one's hair is implicit in the liberty assurance of the Due Process Clause of the Fourteenth Amendment . . ." is as applicable for teachers as it is for students.*

In the case of Ramsey v. Hopkins, 320 F. Supp. 477 (N.D. Ala., 1970), affirmed 447 F. 2d 128 (5th Cir., 1971), e.g., a rule that teachers were not to wear mustaches was struck down in the following language:

---

* A number of other cases hold that the length and style of one's hair is a matter of liberty protected by the Fourteenth Amendment. See, e.g., Braxton v. Board of Public Instruction, 303 F. Supp. 958 (M.D. Fla., 1969); Lucia v. Duggan, 303 F. Supp. 112 (D.C. Mass., 1969); Harris v. Kaine, 352 F. Supp. 769 (S.D. N.Y., 1972) and Seal v. Mertz, 338 F. Supp. 945 (M.D. Pa., 1972). These cases declared invalid hair length regulations for school children and Army Reservists.

"This is indeed a gross example of a rule based upon personal taste of an administrative official which is not a permissible base upon which to build rules for the organization of a public institution. See Zachry v. Brown, 299 F. Supp. 1360 (N.D. Ala. 1967). There must be some showing of justification for the rule related to the legitimate purposes of the institution: Griffin v. Tatum, 425 F.2d 201 (5th Cir. 1970); Ferrell v. Dallas Independent School District, 392 F.2d 697 (5th Cir., 1968); Breen v. Kahl, 419 F.2d 1034 (7th Cir., 1969). Here there is not the slightest of argument or evidence offered to support the proscription against mustaches—no indication that mustaches had caused, or were likely to cause, any disruption or disturbance; no indication of any health or sanitation problem; no indication of difficulties of any sort with mustaches": (Page 482). For further relief granted the teacher in this case, see 447 F.2d 128 (5th Cir., 1971).

Accordingly, please be advised that it is the position of this office that the regulations in question are unlawful and that they should be rescinded immediately.