Roy ZACHRY, Jr., a minor, by his father and next friend, Roy Zachry, et al., Plaintiffs,

v.

Dr. Leroy BROWN, individually and as President of Jefferson State Junior College, et al., Defendants.

Civ. A. No. 66–719.

United States District Court
N. D. Alabama, S. D.

June 30, 1967.

ure to promote an enlisted man. See also Johnson v. United States, 280 F.2d 856, 858, 150 Ct.Cl. 747, 751 (1960).

John C. Schmarkey, Birmingham, Ala., for plaintiffs.

McDonald Gallion, Atty. Gen. of Alabama, and Gordon Madison, Asst. Atty. Gen. of Alabama, Montgomery, Ala., for defendants.

## MEMORANDUM OPINION

LYNNE, Chief Judge.

Positing jurisdiction upon the provisions of 42 U.S.C.A. § 1983, plaintiffs, suing by their fathers as next friends, seek injunctive relief against defendants, officials of Jefferson State Junior College, a public institution of the State of Alabama. Roy Zachry, Jr., age eighteen, and Robert Alexander, age nineteen, were enrolled in and admitted to such college in September, 1966, for the school year 1966–1967. On October 19, 1966, each of them was "administratively withdrawn" from such institution by order of defendants for failure to conform to rules and regulations pertaining to permissible hair styles for male students, posted on the bulletin board on or about such date.

Each plaintiff is a member of "The Distortions", a band enjoying widespread popularity among the young people of this section. To establish and promote a public image the members of this band have adopted "page-boy" haircuts. Plaintiffs were advised by defendants that they could no longer continue in school if they refused to have their hair cut to conform to conventional standards. Upon their refusal to do so they ware administratively withdrawn.

Zachry had attained the rank of Eagle Scout and had served as an assistant scoutmaster in this community. Neither of the boys had ever been a disciplinary problem in home or school. Each of them had achieved a grade on his college entrance examination within the upper ten per cent in the nation. Each of them had a substantial income from the earnings of the band and was eager to attend this institution because of its outstanding department of music.

It is crystal clear from the admissions of defendants as witnesses that their insistence upon the withdrawal of plaintiffs from the college was motivated altogether by their dislike of what they considered exotic hairstyling. There is no suggestion that the page-boy haircuts affected by plaintiffs had any effect upon the health, discipline or decorum of the institution. Zachry was a candidate for the office of president of the freshman class and under the undisputed evidence in this case he would have been elected had he not been forced to withdraw. It may fairly be conjectured that the prospect of a young man with a page-boy haircut serving as president of his class triggered the action of defendants.

The notion that officials of a state-supported college have the right to dismiss students at any time for any reason without divulging such reason other than its being for the general benefit of the institution was emphatically rejected in Dixon v. Alabama State Board of Education, 294 F.2d 150 (5th Cir. 1961). Principles to which this court turns for a decision herein are concisely stated in 15 Am.Jur.2d § 22, pages 608, 609, as follows:

> "Since public universities and colleges are subject to the control of the legislature, the right of that body to legislate for their welfare, to enact measures for their discipline, and to impose upon the trustees thereof the duty of enforcing these requirements is undoubted. However, where the power is delegated to them to do so, university and college authorities may make all necessary and proper rules and regulations for the orderly management of the institution and the preservation of discipline therein, and rules enacted in the exercise of a power so delegated by statute are of the same force as would be a like en-

actment of the legislature, and their official interpretation by the university authorities is a part thereof. * * * Whether the rules or regulations are wise or expedient or their aims worthy is a matter left solely to the discretion of the authorities, and with the exercise of such discretion the courts will not interfere, in the absence of a clear showing that the authorities have acted arbitrarily or have abused the authority vested in them.

"Every student on his admission impliedly promises to submit to and be governed by all the necessary and proper rules and regulations which have been or may be adopted for the government of the institution, although rules and regulations may be annulled by the courts when found to be unauthorized, against common right, or palpably unreasonable."

The wide latitude permitted legislatures of the states and therefore the administrators of public colleges to classify students with respect to dress, appearance and behavior must be respected and preserved by the courts. However, the equal protection clause of the fourteenth amendment prohibits classification upon an unreasonable basis. This court is of the firm opinion that the classification of male students attending Jefferson State Junior College by their hair style is unreasonable and fails to pass constitutional muster.

It needs to be emphasized that the defendants have not sought to justify such classification for moral and social reasons. The only reason stated upon the hearing of this case was their understandable personal dislike of long hair on men students. The requirement that these plaintiffs cut their hair to conform to normal or conventional styles is just as unreasonable as would palpably be a requirement that all male students of the college wear their hair down over their ears and collars.

On its facts this case is clearly distinguishable from Ferrell v. Dallas Independent School District, 261 F.Supp. 545 (D.C.N.D.Texas 1966), presently docketed in the Court of Appeals for the Fifth Circuit and considerably closer to Forstner v. City and County of San Francisco, 243 Cal.App.2d 625, 52 Cal. Rptr. 621 (1966).

An injunction will be issued in conformity with the foregoing findings of fact and conclusions of law.