**Robert OLFF, a minor, by and through his Guardian Ad Litem, Mrs. Sonny Olff, Plaintiff,**

**v.**

**EAST SIDE UNION HIGH SCHOOL DISTRICT, Defendant.**

**No. 52282.**

United States District Court
N. D. California.
Oct. 1, 1969.

Elliot Steinberg, San Jose, Cal., for plaintiff.

Maurice B. Hill, Asst. County Counsel, San Jose, Cal., for defendant.

## ORDER

PECKHAM, District Judge.

Plaintiff Olff brings an action in this Court for injunctive and declaratory relief to redress the deprivation of a Fourteenth Amendment right, and to obtain damages. We have jurisdiction pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

Plaintiff is a fifteen-year-old student in good standing at James Lick High School, East Side Union High School District, San Jose, California. On September 10, 1969, plaintiff was informed by a school official that he would not be permitted to attend classes until he had his hair cut, because his hair style and length violated a regulation of the East Side Union High School District, which states in pertinent part:

ARTICLE IV. *Personal Appearance, Cleanliness and Neatness of Dress:*

 \* \* \* \* \* \*

The following are minimum standards required of all students. \* \* \*

BOYS:

 \* \* \* \* \* \*

 c. Hair shall be trim and clean. A boy's hair shall not fall below the eyes in front and shall not cover the ears, and it shall not extend below the collar in back.

There is little question that school authorities have a legitimate governmental interest in promulgating regulations in order to insure the safety and welfare of high school students. It is a reasonable health regulation to require that a boy's hair be "clean." It would also seem to be a reasonable safety regulation were the school district to specify the circumstances when a boy's hair must be of a certain length, e. g., in a welding class, in an automotive class, in a woodworking class, etc.

But such is not the case here. The school board regulation does not specify particular circumstances when health or safety considerations require a boy's hair to be a certain length, but rather regulate hair length without any reference to the reasons therefor. As Judge Charles Wyzanski stated just this past week in another "haircut" case, Richards v. Thurston, 304 F.Supp. 449, D.Mass., September 23, 1969:

The current view is that a state has not upon an arbitrary basis an absolutely unlimited right to refuse, opportunities such as education in the public schools, employment in the public service. Often this, in somewhat circular terms, is referred to as the principle that there is a distinction between constitutional and unconstitutional conditions. At other times, this is said to present the problem of weighing the state's claims or interests against the individual's claims or interests. Order can be defined properly only in terms of the liberties for which it exists, as liberty can be defined properly only in terms of the ordered society in which it thrives. As Albert Camus implied in The Rebel, order and liberty must find their limits in each other.

Whatever be the formulation of the governing principles under our Constitution, the duty of a court is to give scope to the state's claims of order, organization, and public purposes, yet not to allow such claims to prevail over individual liberty in the absence of a demonstrated rationality in the

state's claims. Merely arbitrary choices of states or their official representatives cannot be enforced against any individual's serious claims of liberty. *This is as true of minors as it is of adults.* Tinker v. Des Moines School Dist., 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731; Griffin v. Tatum (M.D.Ala.) 300 F.Supp. 6ⁿ, 64. *And when the personal liberty claimed by a minor or an adult has a high order of importance the state must make a strong showing of the need of its curtailment.* United States v. O'Brien, 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672. [Emphasis added.]

Judge Wyzanski goes on to conclude, at p. 452:

In summary, the state in the case at bar has no such rational ground for dictating hair style to a pupil in a general high school as to support an official order interfering with his liberty to express in his own way his preference as to whatever hair style comports with his personality and his search for his own identity.

Plaintiff's claim to liberty as to his appearance is entitled to protection from action by the state or its agents both under the broad terms of the "due process" clause of the Fourteenth Amendment (see Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510) and under the specific provisions of the Civil Rights Act which treats that claim to liberty as a civil right, 42 U.S.C. Sec. 1983, and gives to the United States District Courts jurisdiction to enforce that right against an interfering agent seeking to exercise state authority. 28 U.S.C. Sec. 1343(3).

The view of Judge Wyzanski, which is the view shared by this Court, finds support in three other recent District Court cases: Griffin v. Tatum, 300 F.Supp. 60, 62 (M.D.Ala.1969) ("the Constitu-

tion protects the freedoms to determine one's own hair style and otherwise to govern one's personal appearance."); Breen v. Kahl, 296 F.Supp. 702, 705–706 (W.D.Wis.1969) ("freedom [in this case, of an adult] to wear one's hair at a certain length or to wear a beard is constitutionally protected, even though it expresses nothing but individual taste"); and Zachry v. Brown, 299 F.Supp. 1360, 1362 (N.D.Ala.1969) ("classification of male students * * * by their hair style is unreasonable and fails to pass constitutional muster.")

In the present case, defendant school district makes no allegations that plaintiff's hair style is either a health or a safety menace to himself or other members of the school community, yet they assert that it does violate the regulations' limitations on hair length, and therefore is not permissible. In the absence of any limitations confining the school district's hair length regulations to circumstances which warrant such control, this Court holds the regulations to be unconstitutionally overbroad in that they inhibit free expression more extensively than is necessary to achieve legitimate governmental purposes. Besides, this Court finds as a fact that plaintiff's hair is indeed not longer than the regulations permit.

Accordingly, this Court orders as follows:

(1) The defendant East Side Union High School District, its agents, employees and servants, and each of them, are hereby enjoined from enforcing the District's "haircut" regulations as presently written;

(2) The defendant East Side Union High School District, its agents, employees and servants, and each of them, are hereby enjoined from excluding plaintiff Robert Olff from attending James Lick High School by reason of his hair style and/or length.