Susan SIMS, Minor, by her father and
Next Friend Aeric Sims, Plaintiff,

v.

COLFAX COMMUNITY SCHOOL DIS-
TRICT et al., Defendants.

Civ. No. 8-2537-C-2.

United States District Court
S. D. Iowa,
Central Division.

Jan. 16, 1970.

James P. Piazza, Des Moines, Iowa, for plaintiff.

John N. Diehl, Newton, Iowa, Kent M. Forney, Des Moines, Iowa, for defendants.

## MEMORANDUM AND ORDER

HANSON, District Judge.

The matter before the Court is the constitutionality of a public school regulation which seeks to control the length of students' hair. Jurisdiction of this cause is predicated and admitted under Title 42 U.S.C., Sections 1981, 1983 and Title 28 U.S.C., Sections 2281, 2284 on the allegation that the action by the defendants violates a federal constitutional right guaranteed the plaintiff under the Ninth and Fourteenth Amendments to the United States Constitution.

Plaintiff, Susan Sims, brings this action by her father and next friend, Aeric Sims. Plaintiff, a student in the Colfax Community School, was suspended from school on December 2, 1968 for her failure to comply with a hair rule as set forth in a student handbook. This handbook which is distributed to all students at the commencement of the school year contains various rules and regulations promulgated by school officials to govern student conduct. The rule concerning students' hair which is being challenged by plaintiff states, to-wit:

Hair must be kept one finger width above the eyebrows, clear across the forehead.

On January 13, 1969, the parties entered into a stipulation whereby plaintiff was permitted to return to school and continue her education. This stipulation provided the following: (1) Plaintiff would voluntarily comply with the hair rule; (2) Such action by plaintiff would be without prejudice to further legal action and (3) No administrative penalties would be imposed by reason of plaintiff's absences incurred by reason of the claimed violation of the hair rule and that plaintiff would be assisted in her make-up work. Plaintiff subsequently filed this suit challenging the constitutionality of the hair rule and this matter was tried to the Court without a jury.

The precise issue to be decided by the Court is whether the rule in question violates the plaintiff's constitutional rights. At the outset the Court thinks it appropriate to state that the issue before the Court is not a novel one. Indeed, there have been numerous cases exploring the validity of public school regulations concerning hair length and other hirsute adornments. *See, e, g.,* Griffin v. Tatum, 300 F.Supp. 60 (M.D. Ala.1969); Crews v. Cloncs, 303 F.Supp. 1370 (S.D.Ind.1969); Lucia v. Duggan, 303 F.Supp. 112 (D.Mass.1969); Breen v. Kahl, 296 F.Supp. 702 (W.D.Wis. 1969); Ferrell v. Dallas Independent School Dist., 261 F.Supp. 545 (N.D.Tex. 1966) *aff'd.* 392 F.2d 697 (5th Cir. 1968). However, to the Court's knowledge, this is the first case involving the hair length of a female student.

The Court well knows that the field of female coiffure is one of shifting sand trodden only by the most resolute of men. The Court thus undertakes this journey with some trepidation. Since time immemorial attempts to impose standards of appearance upon the fairer sex have been fraught with peril. Arbiters of hirsute fashion, perhaps understanding the chameleon nature of the subject matter, have approached the problem with more innovation than insight. Against this delicate social milieu and ever mindful of the equal protection clause, this Court undertakes to comb the tangled roots of this hairy issue.

It cannot be seriously disputed that the interest of the State in maintaining an educational system is of such importance that the State is in fact charged with the duty to further and protect the public school system. Nor can it be denied that rules and regulations governing student conduct are required to maintain an orderly educational program. School officials of necessity have thus been given a wide latitude of discretion in formulating rules and regulations to prescribe and control student conduct within the school. Iowa Code Sections 279.8, 282.4 (1966). However, this discretion is not unlimited. Only those school rules and regulations that are reasonable are permissible. Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); Burnside v. Byars, 363 F.2d 744 (5th Cir. 1966); Blackwell v. Issaquena County Board of Educ., 363 F.2d 749 (5th Cir. 1966).

It must, therefore, be recognized that under our democratic system, public school officials may not act autocratically nor are they vested with absolute authority over their students. As the Supreme Court stated in Tinker v. Des Moines Independent Community School Dist., 393 U.S. at 511, 89 S.Ct. at 739:

> "Students in school as well as out of school are 'persons' under our Constitution. They are possessed of fundamental rights which the State must respect * * *."

The issue herein must therefore be resolved by deciding whether the hair regulation contained in the student handbook of the Colfax Community School and promulgated by its duly authorized representatives is reasonable. The appropriate analysis in determining reasonableness is that of weighing the individual's interest in engaging in the forbidden activity against the State's interest in circumscribing such activity.

The case law concerning hair regulations in public secondary schools demonstrates the difficulty in characterizing the interest a student has in the free choice of hair style. Some courts have assumed that a student's interest in the selection of hair style is to be afforded the same degree of protection as that granted First Amendment rights such as free speech. Crews v. Cloncs, supra. Other courts have stated that a student's choice of hair style is at least a highly protected right though possibly not within the intendment of the First Amendment. Griffin v. Tatum, supra; Breen v. Kahl, supra; Davis v. Firment, 269 F.Supp. 524 (E.D.La.1967), aff'd 408 F.2d 1085 (5th Cir. 1969); Ferrell v. Dallas Independent School Dist., supra; Westley v. Rossi, 305 F.Supp. 706 (U.S.D.C.Minn.1969).

Accordingly, because the courts above have attached great importance to choice of hair style by public school students, it has been held that the State is permitted to invade this interest only upon a showing of compelling reasons for so doing or upon a showing that if the forbidden conduct is allowed there would be a material and substantial interference to the educational system. Consequently, hair rules have been upheld where the school demonstrated that long hair actually resulted in disruption of the school. Incidents of disruption that have been shown to result from long hair have been in the nature of harassment, use of obscene or derogatory language, fights, health and sanitation problems, physical dangers, obscene appearance, and distraction of other students. Ferrell v. Dallas Independent School Dist., supra; Davis v. Firment, supra. Conversely, if the school was unable to support factually the hair rule with incidents of disruption within the school, the hair rules have been found unreasonable and, therefore, unconstitutional. Griffin v. Tatum, supra; Breen v. Kahl, supra; Richards v. Thurston, 304 F.Supp. 449 (D.Mass.1969); Westley v. Rossi, supra.

A few courts have adopted a different approach concerning the reasonableness of hair rules. These cases do not give any particular importance to a student's

right to wear any hair style desired and merely state that if the hair rule is reasonably calculated to prevent disruption or interference, the rule is constitutional. Leonard v. School Committee of Attleboro, 349 Mass. 704, 212 N.E.2d 468, 14 A.L.R.3d 1192 (1965); Contreras v. Merced Union High School District, unreported (E.D.Cal. Dec. 13, 1968). Thus, these courts only look to see whether the rule might prevent disruption and do not necessarily require the school to make an objective showing of disruption.

In the instant case, plaintiff has neither pled nor argued the First Amendment. In fact, plaintiff's attorney stated on oral argument that the First Amendment was not pled because he felt it inapplicable. Consequently, the Court need not concern itself with the difficult question of whether a student's personal and untrammeled selection of hair style is protected under the First Amendment.

Nevertheless, this Court finds that regardless of the applicability of the First Amendment a student's free choice of his appearance is constitutionally protected under the due process clause of the Fourteenth Amendment. Griffin v. Tatum, supra; Breen v. Kahl, supra; Zachry v. Brown, 299 F.Supp. 1360 (N.D.Ala.1967). Moreover, the Court finds that because every individual should have the right to express his individuality and personality, any rule seeking to infringe such a right will not enjoy a "presumption of constitutionality." In other words, school hair rules are reasonable and thus constitutional only if the school can objectively show that such a rule does in fact prevent some disruption or interference of the school system.

As the Court stated in the well-reasoned opinion of Griffin v. Tatum, supra, and in which this Court fully concurs:

"* * * Although there is disagreement over the proper analytical framework, there can be little doubt that the Constitution protects the freedoms to determine one's own hair style and otherwise to govern one's personal appearance. Indeed, the exercise of these freedoms is highly important in preserving the vitality of our traditional concepts of personality and individuality. In this connection Judge Doyle observed in Breen v. Kahl, supra:

'An effort to use the power of the state to impair this freedom must also bear "a substantial burden of justification" whether the attempted justification be in terms of health, physical danger to others, obscenity, or "distraction" of others from their various pursuits. For the state to impair this freedom, in the absence of a compelling subordinating interest in doing so, would offend a widely shared concept of human dignity, would assault personality and individuality, would undermine identity, and would invade human "being". It would violate a basic value "implicit in the concept of ordered liberty."'

In short, the freedom here protected is the right to some breathing space for the individual into which the government may not intrude without carrying a substantial burden of justification. Thus, one may not have the right to walk nude down the median strip of a busy highway. But, until one's appearance carries with it a substantial risk of harm to others, it should be dictated by one's own taste or lack of it." Id. 300 F.Supp. at 62.

Defendants have urged two main reasons in support of the hair rule challenged herein. First, defendants seek to support the rule on the ground that this hair rule promotes good citizenship by teaching respect for authority and instilling discipline. The Court cannot accept this argument as a sufficient rationale to endow this rule herein with the necessary constitutional requisite of reasonableness. If such an argument were accepted, then any rule, no matter how arbitrary, capricious or

abhorrent to our democratic process, could be justified by school officials.

The only other reason offered by the defendants factually for the existence of this rule was that the typing instructor was unable to see plaintiff's eyes during class. The teacher testified that student eye observation is necessary in teaching proper typing method. While the Court does not doubt the pedagogical importance of eye observation in typing, the Court, as trier of fact, was totally unconvinced that such a problem actually existed in this case. The typing teacher testified that she could not remember as a matter of certainty how long plaintiff's hair was at the time in question nor was there any evidence that plaintiff was ever apprised of this reason for her suspension. The Court is unwilling to accept this thinly-proven rationale as sufficient to impart the required reasonableness necessary to sustain such a rule. Indeed, even if this were a proven fact, a simple admonition to the plaintiff about the difficulty the typing teacher was experiencing would in all probability have corrected the situation.

Furthermore, the alleged typing difficulty is the only incident presented to the Court of any disruption or disturbance caused by a student's hair style or hair length in the entire school stystem. There was no evidence presented that any other disruption, distraction of other students, health problems, or anything else had ever occurred which rendered such a rule necessary. Consequently, the defendants have not met the required factual showing which would allow infringement of the plaintiff's constitutional rights. Mere conclusions based on subjective reasoning that long hair may be disruptive of the academic process is not the test of reasonableness in this area and such conclusions need not be considered.

█ This Court thus finds that the rule contained in the Colfax Community School student handbook governing student hair length has unnecessarily and unreasonably circumscribed plaintiff's constitutional rights under the Fourteenth Amendment. In resting its decision on the Fourteenth Amendment, the Court need not consider plaintiff's Ninth Amendment argument. This result is in accord with the better reasoned authorities. Griffin v. Tatum, supra; Breen v. Kahl, supra; Zachry v. Brown, supra.

█ For further clarity and especially in light of the interest this case has evoked, the Court reiterates that in this area of the law, a court must proceed on a case by case approach. In a situation where a school is able to show disruption or some other activity detrimental to the school system in support of a hair rule as in some of the cases previously cited, then this Court might reach a different result. However, as here, where there has been an inadequate showing of any adverse effects that the school has suffered as a result of long hair, a rule such as this one is impermissible.

There has undoubtedly been too much said if not written concerning long hair or unusual hair styles. Mankind's experience has demonstrated that in this area of fashion, fads constantly come and go as the pendulum unceasingly swings from extreme to extreme. Thus, no doubt the proper characterization of the current controversy over students' hair is that of the proverbial "tempest in a teapot."

In Count II of the complaint, plaintiff seeks substantial money damages as a result of defendants' conduct. Suffice it to say that plaintiff offered no evidence at trial to support the allegations of Count II nor the prayer contained therein. Therefore, no money damages will be awarded and Count II of the complaint is dismissed.

Accordingly, it is hereby ordered that Count II of the complaint is dismissed and that judgment will be entered to (1) declare the hair rule herein unconstitutional, (2) forbid further enforcement of said hair rule, (3) expunge from the

school records any reference to plaintiff's suspension from which she complained and (4) award plaintiff her statutory costs.