Bobby GRIFFIN, a minor, by and through his father and next friend, Mr. A. A. Griffin, Plaintiff-Appellee,

v.

Mr. Fordyce TATUM, individually and as Principal of Wetumpka High School, et al., Defendants-Appellants.

No. 28082.

United States Court of Appeals, Fifth Circuit.

April 20, 1970.

Joseph D. Phelps, Montgomery, Ala., for appellants.

Charles V. Welden, Jr., Calvin White-sell, Montgomery, Ala., for appellee.

Before BELL, AINSWORTH and CARSWELL, Circuit Judges.

BELL, Circuit Judge:

Appellants, a high school principal and assistant principal, appeal from an order of the district court requiring them to reinstate a student who had been suspended from school for violation of a hairstyle regulation. The regulation was promulgated by appellants in their capacity as school administrators.[1]

Bobby Griffin, the appellee herein, was enrolled as a student in Wetumpka High School, beginning in 1964 and each school year thereafter until April 15, 1969 when he was suspended by appellants for wearing his hair in a style which did not conform to their interpretation of a school regulation.

The regulation provided that "Hair must be trimmed and well cut. No Beatle haircuts, long sideburns, ducktails, etc. will be permitted." Appellants interpreted this regulation to the students at school assemblies to the effect that there could be no sideburns longer than the middle of the ear, that the hair in front could be no longer than one inch above the eyebrows, and that the hair in back must be tapered as opposed to being blocked. It was this latter interpretation, that the hair must be tapered in the back as opposed to being blocked which was student Griffin's undoing.

He wore his hair in a manner conforming to the regulation in all respects except that it was blocked in the back. He refused, after two requests from appellants, to have his hair cut in a tapered fashion as distinguished from a block. Two photographs, taken on the day after suspension and which were contemporaneous in nature, support the finding of the district court that appellee was neat and well groomed. It was undisputed that appellee was suspended

---

1. The superintendent of schools for Elmore County, Alabama and the members of the Board of Education were dismissed as parties defendant, the district court being of the view that they neither promulgated nor enforced the regulation in question.

solely by reason of the fact that his hair was blocked in the back as opposed to being tapered.

No claim was made that the overall regulation was invalid. The attack was limited by the pleadings to the suspension of appellee for not having his hair "cut to the liking of the School Administration". This resolved itself solely into a blocked haircut problem.

The district court concluded that the application of the hairstyle rule to appellee constituted an arbitrary and unreasonable classification to the extent that it violated the equal protection and due process clauses of the Fourteenth Amendment. Not satisfied to stop at this point, the court went further and struck the entire regulation. First Amendment grounds were excluded as a basis for the action of the court.

█ The clearly erroneous rule is a sufficient basis for affirming the district court as to the wrongful suspension of appellant and for striking the blocked hair prohibition as it was applied to him. For a similar holding on equal protection grounds, see Zachry v. Brown, N.D.Ala., 1969, 299 F.Supp. 1360; and on due process grounds, see Breen v. Kahl, W.D.Wis., 1969, 296 F.Supp. 702, aff'd 7 Cir., 1969, 419 F.2d 1034; Richards v. Thurston, D.C.Minn., 1969, 304 F.Supp. 449. *Contra,* Crews v. Cloncs, S.D.Ind., 1969, 303 F.Supp. 1370.

██ We reverse, however, as to the action of the district court in striking the entire hairstyle regulation. This court held in Ferrell v. Dallas Independent School District, 5 Cir., 1968, 392 F.2d 697, that it was proper for school authorities to establish rules and regulations in the interest of school management and this included a hairstyle regulation. We have not denied school authorities in this circuit the right to promulgate reasonable regulations concerning hairstyles. Such regulations and regulations which deal generally with dress and the like are a part of the disciplinary process which is necessary in maintaining a balance as between the rights of individual students and the rights of the whole in the functioning of schools. The touchstone for sustaining such regulations is the demonstration that they are necessary to alleviate interference with the educational process. Ferrell v. Dallas Independent School System, supra, at p. 703. That such regulations may be necessary and, if so, that they may be promulgated and enforced, is also clear from the tenor of Tinker v. Des Moines Community School District, 1969, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731.

It is also well to bear in mind that "in measuring the appropriateness and reasonableness of school regulations against * * * constitutional protections * * * the courts must give full credence to the role and purposes of the schools and of the tools with which it is expected that they deal with their problems, and careful recognition to the differences between what are reasonable restraints in the classroom and what are reasonable restraints on the street corner." Judge Godbold, specially concurring, in Ferrell v. Dallas Independent School District, supra, 392 F.2d p. 704.

In spite of the fact that the hairstyle regulation, as such, was not attacked, the district court held that the school authorities failed to justify the rule and failed to establish that such a rule was necessary to deal with activities which may materially and substantially interfere with the requirements of appropriate discipline.

The undisputed evidence was that the wearing of long hair by boys was a disruptive influence in the school. This disruptive influence was said to consist of boys combing, styling and arranging their hair in classes; being late for classes because they linger in the restrooms combing their hair; congregating at mirrors provided for girls while combing their hair; creating unsanitary conditions in the classroom as long hair

often tends to be unclean, and through dandruff accumulating on desks from boys' handling their hair in the school room. The answer of the district court was that the school should permit long hair but solve any problem ensuing therefrom by appropriate disciplinary action. Two witnesses testified that such a solution would in itself create disruption in the learning process. No witnesses testified to the contrary.

Several witnesses, including appellee, gave the view that a hairstyle rule was necessary, and the reasons therefor, in the appropriate management of the school. No witness testified to the contrary. In fact, the case was largely tried on questions pertaining to the wisdom of rules governing hair length. Only a small portion of the testimony was directed to appellee's predicament of wearing hair blocked in the back.

We reverse that portion of the order of the district court which declares the hairstyle rule unconstitutional insofar as the ruling exceeds the interpretation that it covered appellee's blocked hair.[2] This was the only portion of the regulation put in issue. Cf. concurring opinion of Justice Brandeis in Ashwander v. Tennessee Valley Authority, 1936, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed.2d 688, on the practice of not anticipating questions of constitutional law or formulating rules broader than required by the precise facts of the case. 297 U.S. at pp. 346–347, 56 S.Ct. 466. See also Article III of the Constitution which precludes advisory opinions. Stovall v. Denno, 1967, 388 U.S. 293, 301, 87 S.Ct. 1967, 18 L.Ed. 1199.

Affirmed in part; reversed in part for further proceedings not inconsistent herewith.

2. Our decision is made without reference to any claim that appellee failed to exhaust his administrative remedy or to any assertion of comity. No such claim has been made by appellants and this court, although aware that such issues may be inherent in the case, has concluded not to make a sua sponte determination of them. The record shows that no administrative remedy was sought except that appellee and his father complained to one member of the school board and he agreed with them. They apparently determined to seek a judicial rather than an administrative remedy.