316 F.Supp. 445 (1970)
Stephen BISHOP, a minor, and Gordon Bishop and Jane Bishop, individually and as parents and next friends, Plaintiffs,
v.
Frank COLAW, G. P. Lauer, Webster F. Karrenbrock, Katherine Pundmann, J. H. Evans, Vincent Schneider, Jr., Stephen Blackhurst and Claude Jacobs, each individually and as members or agents of the Board of Education, School District of the City of St. Charles, State of Missouri, a body politic and corporate, and the Board of Education, School District of the City of St. Charles, State of Missouri, a body politic and corporate, Defendants.
No. 70 C 111(2).
United States District Court, E. D. Missouri, E. D.
July 24, 1970.
*446 Lawrence N. Koeln, and Michael W. Dunlop, St. Louis, Mo., for plaintiffs.
Ziercher, Tzinberg, Human & Michenfelder, Clayton, Mo., for defendants.

MEMORANDUM
MEREDITH, District Judge.
Plaintiff Stephen Bishop is a minor, age fifteen years, residing with his parents in St. Charles, Missouri. In September 1969 he was enrolled in St. Charles Senior High School, in the tenth grade.
Defendant Frank Colaw is the Superintendent of Schools of defendant School District; defendant G. P. Lauer is Principal of St. Charles High School, and defendants Webster F. Karrenbrock, Katherine Pundmann, J. H. Evans, Vincent Schneider, Jr., Stephen Blackhurst and Claude Jacobs, as of March 10, 1970, were the duly elected members and officers of the Board of Education of said District. The defendant School District is a public corporation of the State of Missouri with the right to sue and be sued in its corporate name.
On February 27, 1970, Stephen Bishop was informed by defendant Lauer that beginning on March 2, 1970, he would be suspended from high school for failure to comply with the St. Charles High School dress code relating to hair. On March 3, 1970, defendant Lauer notified plaintiffs Gordon and Jane Bishop by letter that Stephen would not be permitted to attend school until he complied with the dress code relating to hair. On March 12, 1970, Superintendent Colaw, by letter to plaintiffs Bishop, extended the suspension for the balance of the second semester of the 1969-70 school term.
The original dress code became effective on September 3, 1968. In the fall of 1969 a committee of high school students suggested to the Student Council that the dress code be liberalized. The Student Council distributed to high school students a questionnaire concerning the dress code. Thereafter, the *447 principal of the school, defendant Lauer, appointed a committee of five parents, including the plaintiff Jane Bishop, and the president of the Community Teachers Association appointed five teachers to review the recommendations presented by the Student Council. The recommendations of the Student Council were approved by the committee of parents and by the faculty supervisory committee, except that plaintiff Jane Bishop thought the provision relating to boys' hair should be more liberal. It was then submitted to the faculty of the high school, a majority of which approved the revised code. Thereafter, the revised code was adopted by the Board of Education, effective December 23, 1969. The code, as revised relating to hair, is as follows:
"A. All hair is to be worn clean, neatly trimmed around the ears and back of the neck, and no longer than the top of the collar on a regular dress or sport shirt when standing erect. The eyebrows must be visible, and no part of the ear can be covered. The hair can be in a block cut.
"B. The maximum length for sideburns shall be to the bottom of the ear lobe.
"C. All the boys are to be cleanly shaven. Beards and mustaches are not allowed.
"D. If a boy is out for a sport or AFJROTC, the coach or officer in charge of Aerospace Education has the authority to dictate hair length other than the standards for such established in the dress code."
Suit was filed by the plaintiffs on March 10, 1970, asking injunctive relief that the dress code be declared null and void, that the plaintiff be permitted to attend classes and that damages be granted against each of the defendants.
The plaintiffs allege jurisdiction under the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. §§ 1343, 2201, and 2202, and 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. See Esteban v. Central Missouri State College, 415 F.2d 1077 (8th Cir. 1969).
Section 171.011, V.A.M.S., provides:
"The school board of each school district in the state may make all needful rules and regulations for the organization, grading and government in the school district. * * *"
Section 167.171, V.A.M.S., provides:
"The school board in urban districts, by general rule and for the causes provided in section 167.161, may authorize the summary suspension of pupils by principals of schools for not to exceed ten days and by the superintendent of schools for not to exceed one semester. In case of a suspension by the superintendent for more than twenty days, the pupil or his parents or others having his custodial care may appeal the decision of the superintendent to the board. Any suspension by a principal shall be immediately reported to the superintendent who may revoke the suspension at any time. In event of an appeal to the board, the superintendent shall promptly transmit to it a full report in writing of the facts relating to the suspension, the action taken by him and the reasons therefor and the board, upon request, shall grant a hearing to the appealing party to be conducted as provided in section 167.161."
The Board of Education of defendant School District adopted a general rule authorizing suspension in the manner provided in section 167.171, V.A.M.S. The suspensions of Stephen Bishop by defendants Lauer and Colaw were done by virtue of the general rule which the Board of Education had adopted. The suspension by defendant Lauer was reported to and joined in by defendant Colaw, and that suspension, along with the later suspension by defendant Colaw was reported to the Board of Education. No formal appeal was taken by plaintiffs to the Board of Education.
*448 Plaintiff Stephen Bishop wore his hair in violation of the dress code at the time he was suspended. After the suit was filed and on request of the plaintiffs and the defendants, on March 18, 1970, by order of the Court pending a final determination of the action, plaintiff Stephen Bishop was ordered restored to school and did attend until the completion of the semester.
The question to be determined by this Court is whether there was a denial to the minor plaintiff of the exercise or enjoyment of federally-protected rights. The wisdom of the action in the adoption of the dress code as it relates to high school students is not in issue. Plaintiffs, by the evidence and in oral argument have limited their suit to an attack on that portion of the dress code relating to hair.
At the opening of the school year in September 1969, Stephen Bishop was referred to the assistant principals of the high school because the length of his hair violated the dress code. This was also done on several other occasions until his final suspension. On each occasion plaintiff Stephen Bishop trimmed his hair to comply with the dress code. There is no evidence to show that the plaintiff, Stephen Bishop's failure to trim his hair restricted any expression of freedom of speech or was done to symbolize any constitutional privilege of free speech. The wearing of the hair long is not because of any religious belief which the plaintiff Stephen Bishop may have. His contention is that requiring him to trim his hair invades his right of privacy.
The evidence presented by the defendants relating to long hair showed that even those students who complied with the code, but had long hair, tended to congregate and stay to themselves, particularly in the school cafeteria, and that these students were rowdy and belligerent; that they failed to observe the rules of the school, such as depositing their plates and litter from lunch in the waste baskets placed for that purpose, and instead the long-haired students regularly left their trays, bottles, and refuse on the lunch tables. The long hair created a problem of cleanliness in the swimming pool, with the driver's helmets in driver's training class; the long hair in shop classes created a hazard in working with drills, saws, and other machinery; in wrestling classes long hair created a problem. The mathematics teachers testified that the students with long hair were inattentive, and those with long hair made poorer grades than those students with regular hair cuts.
There was no evidence that plaintiff, Stephen Bishop, was personally involved in any conduct that caused any disturbance, except one minor incident when a student refused to wear a driver's helmet that plaintiff had previously worn. There were some incidents reported on the school premises and some off the school premises where the long-haired students engaged in arguments and fights with students who had their hair cut extremely short. The plaintiffs presented some evidence from other schools that long hair had no effect on the students' conduct or on school discipline.
The dress code has been uniformly enforced and there is no evidence of discrimination of any sort in the enforcement of the code, with the exception of Stephen Bishop, who was permitted to remain in school by order of the court in violation of the dress code pending the outcome of this suit. The rule concerning boys' hair is plain and clear, and is not vague. The evidence showed that plaintiff has suffered no damages and that the school officials were acting reasonably in their enforcement of the dress code.
Plaintiffs here have not shown that plaintiff Stephen Bishop's failure to appeal to the school board would be ineffective or that the state courts of Missouri would not adequately enforce whatever rights he might have. He had not shown any irreparable injury would result were he to trim his hair and comply with the dress code.
*449 The dress code itself is a reasonable code, it was not arbitrarily adopted or enforced and, certainly, school districts have the right to adopt reasonable regulations in the conduct of their affairs and should not be subjected to the interference by the courts, either federal or state, in their day-to-day problems in the absence of a compelling reason for the courts to interfere. Epperson v. Arkansas, 393 U.S. 97, 89 S.Ct. 266, 21 L.Ed.2d 228 (1968). The weight of the evidence in this case supports the proposition that long hair causes problems of discipline, safety and cleanliness. Under these circumstances, this Court does not consider regulation of the length of a fifteen-year old high school student's hair to be such an invasion of privacy that requires protection by the United States courts. See Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); Ferrell v. Dallas Independent School District, 392 F.2d 697 (5th Cir. 1968), cert. den. 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125 (1968). To the contrary, see Breen v. Kahl, 419 F.2d 1034 (7th Cir. 1969), cert. den. 398 U.S. 937, 90 S.Ct. 1836, 26 L.Ed.2d 268 (1970).
The federal courts have spent a great deal of time discussing the subject of hair. Among the cases which held that school districts had a right to adopt reasonable regulations concerning hair are: Stevenson v. Wheeler County Board of Education, 306 F.Supp. 97 (S.D.Ga. 1969); Farrell v. Smith, 310 F.Supp. 732 (D.Me.1970); Giangreco v. Center School District, Civil Action 17661-3 (W.D.Mo.1969); Brownlee v. Bradley County, 311 F.Supp. 1360 (E.D.Tenn. 1970); Schwartz v. Galveston Independent School District, 309 F.Supp. 1034 (S.D.Texas 1970); Davis v. Firment, 408 F.2d 1085 (5th Cir. 1969); Leonard v. School Committee of Attleborro, 349 Mass. 704, 212 N.E.2d 468 (1965); Crews v. Clones, 303 F.Supp. 1370 (S.D. Ind.1969).
Among those cases which hold that the school district may not interfere with the length of a student's hair are the following: Richards v. Thurston, 304 F. Supp. 449 (D.Mass.1969); Zachry v. Brown, 299 F.Supp. 1360 (N.D.Ala. F.Supp. 1316 (D.Colo.1969); Calbillo v. 1967); Brick v. Board of Education, 305 San Jacinto Junior College, 305 F.Supp. 857 (S.D.Texas 1969); Westley v. Rossi, 305 F.Supp. 706 (D.Minn.1969); Sims v. Colfax Community School District, 307 F.Supp. 485 (S.D.Iowa 1970); Crossen v. Fatsi, 309 F.Supp. 114 (D.Conn.1970); Reichenberg v. Nelson, 310 F.Supp. 248 (D.Neb.1970).
This case does not fall within the symbolic conduct of Tinker v. Des Moines School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969).
This case will be dismissed on the merits based on the evidence and the temporary injunction will be dissolved.