William E. MARTIN, Jr., a minor, by his father and mother, William E. Martin, Sr. and Betty Louise Martin; and by William E. Martin, Sr. and Betty Louise Martin in their own right, Plaintiffs

v.

Harry E. DAVISON, individually and as Superintendent of the Laurel Highlands School District, et al., Defendants.

Civ. A. No. 70-1317.

United States District Court,
W. D. Pennsylvania.

Jan. 13, 1971.

in their own right, brought this action against the defendants individually and as administrative officers and members of the Board of School Directors of Laurel Highlands School District, and against the Laurel Highlands School District, to obtain an order enjoining them from enforcing the suspension of the minor plaintiff from South Laurel Senior High School; from enforcing a written regulation pertaining to boys' haircuts; for actual and punitive damages and other relief. In addition, plaintiffs seek a declaration that the following regulation violates the rights of the minor plaintiff under the Constitution and laws of the United States and of the Commonwealth of Pennsylvania:

"Sensible, conventional haircuts are in order. Extreme haircuts will not be allowed." (Defendants' Ex. B, p. 15. See Appendix for complete Dress Code.)

Jurisdiction is claimed under the First, Ninth and Fourteenth Amendments to the Constitution of the United States, and "under the various Federal Civil Rights acts, including but not limited to that set forth in Title 19, United States Code, Section 245 et seq.", amended at trial to be Title 42 U.S.C. § 1983 and Title 28 U.S.C. § 1343(3), (4), and under the laws of the Commonwealth of Pennsylvania.

An Answer was filed, inter alia, averring that the minor plaintiff has violated the "Duly Adopted Dress Code of the Defendants' School District" and requesting that the complaint be dismissed.

With the consent of counsel for the defendants a temporary restraining order was issued enjoining the defendants from enforcing the suspension of the minor from South Laurel Senior High School and fixing a date for hearing of plaintiffs' application for a preliminary injunction.

At the hearing testimony was taken as if on final hearing. From the evidence the court makes the following

Myron W. Warman, of Warman & Warman, Uniontown, Pa., for plaintiffs.

Alfred E. Jones, Jr., Uniontown, Pa., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF COURT

MARSH, Chief Judge.

The plaintiffs, William E. Martin, Jr., a minor, by his parents, and his parents

## FINDINGS OF FACT

1. The defendant, Laurel Highlands School District, includes North and South Union Townships, Fayette County, Pennsylvania. Located in the School District are South Laurel Senior High School and North Laurel Senior High School. The minor plaintiff is a teen-age student (probably 16) in the 11th grade of South Laurel Senior High School.

2. The minor plaintiff is a professional musician; has played the organ and piano for six years; has been a member of Uniontown Branch of the Musician's Union No. 596 for three years. He has played professionally for four years. He plays the organ in a musical group or combo known as the Rouge River Excursion, which regularly plays for night clubs, fraternity parties and wedding receptions. He usually plays two nights a week, and his average income is $50 a week. All members of this musical group have long hair. The minor plaintiff has purchased a Hammond organ and a Leslie speaker cabinet for upwards of $2,000 on which he makes payments. He transports these instruments to the places of engagement in a panel truck. Because of his earnings his parents are not required to provide him with spending money.

3. During the school year 1968–1969 while the minor was attending Junior High School in the defendant School District, he permitted his hair to grow shoulder length so that it covered his ears and extended well below his coat collar at the rear of his neck. No objection was made by any school official to the length of his hair during that school year.

4. The minor entered South Laurel Senior High School in the Fall of 1969. During that school year, he and his father were advised by the principal, the defendant Daniel Lukotch,[1] that his long hair was in violation of the regulation pertaining to haircuts.

5. The defendant Lukotch did not insist that the minor plaintiff cut his hair during the school year 1969–1970 because of the minor's three year participation in the musical group and his obligations to make payments on his musical instruments.

6. During the Fall of the school year 1970–1971, the minor plaintiff and his father were again advised by the principal, Lukotch, that the minor's hair being "on the collar or shoulder length" and covering his ears, he was in violation of the regulation, and that he would have to cut his hair or be suspended. The principal interpreted the regulation prescribing "sensible, conventional haircuts" to forbid "hair on the shoulders and over the ears".

7. The minor plaintiff refused to cut his hair and his parents concurred in his refusal. He was suspended on two occasions by the principal for three days in November, 1970, and was expelled by the School Board on the 18th day of November, 1970. However, prior to the consent restraining order issued by this court, he missed only five days of school, the suspensions not being rigidly enforced.

8. The minor plaintiff was given notice of the impending suspension, and he and his father attended a hearing before the Board of School Directors. The plaintiffs were accorded a second hearing by the Board which was attended only by plaintiffs' counsel. After the second hearing, the Board of School Directors, by motion unanimously carried, expelled the minor plaintiff "until he complies with dress code." (Defendants' Ex. D.)

9. The regulation pertaining to haircuts (defendants' Ex. A, p. 19) was written by the defendant Lukotch in 1969 and was approved by the School Board and the student council.

1. Although admitting that the individual defendants are correctly named and designated as to position in the caption of this action, defendants' Requested Findings of Fact name *Darrill* Lukotch as the principal.

10. According to Mr. Lukotch, the reason for the regulation is: "I think it is important that we make an identity of the sexes in a public school" (Tr., p. 87), and it plays a part in maintaining discipline.

11. There was no evidence whatsoever that long hair on male students did or tended to disrupt school activity, or distract students and teachers in the school or class rooms, or interrupted the educational process, at any time, at South Laurel Senior High School.[2]

12. The "extreme haircut" of the minor has never been a disruptive or disturbing factor in South Laurel Senior High School or in the classes he attended; there has been no discord with other students; he has received no remonstrance from any teacher because of his long hair.

13. During the period in which the minor has attended South Laurel Senior High School, the principal has not had any trouble enforcing the haircut regulation except as to the minor plaintiff who apparently is the only boy who has violated the regulation. The principal testified that a dozen or more students have voiced the objection that if the minor plaintiff is permitted to have long hair, why can't they. (Tr., p. 86.)

14. When Mr. Lukotch was assistant principal, he encountered disciplinary trouble involving a strike in *North* Laurel Senior High School during the 1968–1969 school year which gave rise to the dress code which he wrote in 1969. The minor plaintiff was never a student at *North* Laurel Senior High School. From the evidence, it does not appear that long hair on boy students was the cause of or was related to the strike.

15. The minor plaintiff gets along well in high school and has above average grades; his deportment has been evaluated "A"; he is taking pre-college

courses and would like to pursue musical studies in Berkeley School of Music in Boston or the Juilliard School of Music in New York. He believes his high school grades would have a bearing on obtaining admission to either of these schools of music.

16. The minor plaintiff insists that his long hair is a part of his personality and image as a musician; that audiences patronizing the Rouge River Excursion combo prefer long-haired musicians; and that he considers long hair necessary to make an impression upon the audiences for whom he plays.

17. While attending South Laurel Senior High School, the minor plaintiff has dressed neatly and adequately and has been neat and clean in his person, including his long hair which he keeps neatly combed. These facts are admitted in the Answer. There was no evidence to the contrary. In court he appeared well groomed from head to foot.

18. The length of the minor's hair does not present any danger to the health and safety of himself or other students. He does not work with any type of machinery in any of his school courses at South Laurel Senior High School. He does not attend the Technical School conducted by the School District.

19. No actual or punitive damages were sustained by the plaintiffs.

### DISCUSSION

There have been numerous "long hair" cases in recent years, and it appears that each must be decided in its own particular setting and factual background.

Under the peculiar facts and circumstances of this case, the court is of the opinion that the minor plaintiff's claim to liberty as to his hair style is entitled to protection from action by the State, through its agents, the public school authorities, under the due process

2. The "Requested Findings of Fact" submitted by the defendants do not contain any proposed finding to the effect that boys with long hair had ever disturbed school activity, disrupted students or teachers, or in any other way interfered with the educational process at any school in the Laurel Highlands School District.

clause of the Fourteenth Amendment and the Civil Rights Act, § 1983, Title 42 U.S.C.[3]

Long ago the Supreme Court upheld the sanctity of the individual's right to control his own person. In Union Pacific Railway Co. v. Botsford, 141 U.S. 250, 251, 11 S.Ct. 1000, 1001, 35 L.Ed. 734 (1891), the Court observed:

"No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law. As well said by Judge Cooley, 'The right to one's person may be said to be a right of complete immunity: to be let alone.' "

Recently, in Rowan v. United States Post Office Dept., 397 U.S. 728, 90 S.Ct. 1484, 25 L.Ed.2d 736 (1970) the Court held that a person's right to be let alone, in some circumstances, outweighed the freedom of others to communicate.

■ The Constitution protects freedoms to determine one's own hair style and otherwise to govern one's personal appearance. Zachry v. Brown, 299 F.Supp. 1360, 1362 (N.D.Ala.1967), " * * * the classification of male students * * by their hair style is unreasonable and fails to pass constitutional muster." Breen v. Kahl, 296 F.Supp. 702, 705–706 (W.D.Wis.1969), " * * * freedom to wear one's hair at a certain length * * is constitutionally protected, even though it expresses nothing but individual taste." Westley v. Rossi, 305 F.Supp. 706, 711 (D.Minn.1969), "an undifferentiated fear of disturbance is not sufficient to override significant individual freedom afforded by the Federal Constitution." Sims v. Colfax Community

School District, 307 F.Supp. 485, 488 (S.D.Iowa 1970), " * * * school hair rules are reasonable and thus constitutional only if the school can objectively show that such a rule does in fact prevent some disruption or interference of the school system. * * * 'In short, the freedom here protected is the right to some breathing space for the individual into which the government may not intrude without carrying a substantial burden of justification.' " To the same effect are: Crews v. Cloncs, 432 F.2d 1259 (7th Cir. 1970); Richards v. Thurston, 424 F.2d 1281 (1st Cir. 1970); Reichenberg v. Nelson, 310 F.Supp. 248 (D.Neb.1970); Miller v. Gillis, 315 F.Supp. 94 (N.D.Ill.1969); Calbillo v. San Jacinto Junior College, 305 F.Supp. 857 (S.D.Tex.1969); Olff v. East Side Union High School District, 305 F.Supp. 557 (N.D.Cal.1969). Cf. Griffin v. Tatum, 425 F.2d 201 (5th Cir. 1970).

In Breen v. Kahl, 419 F.2d 1034, 1036 (7th Cir. 1969), the minor plaintiffs were expelled by the School Board for violating a much more explicit regulation pertaining to long hair than in the instant case. It was held that "the right to wear one's hair at any length or in any desired manner is an ingredient of personal freedom protected by the United States Constitution." This right clearly exists and is applicable to the states through the due process clause of the Fourteenth Amendment. To limit or curtail this or any other fundamental right, the state has a "substantial burden of justification." [4]

The United States Supreme Court in United States v. O'Brien, 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968), stated:

" * * * [A] government regulation is sufficiently justified if it is with-

---

3. It seems clear that state action is present. Plaintiff is required by Pennsylvania law to attend school, and the defendant School District was duly created and established pursuant to the laws of the Commonwealth. Cf. Cooper v. Aaron, 358 U.S. 1, 16, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958). Permanent expul-

sion is delegated to the Board of School Directors. 24 Purdon's Pa.Stat.Ann. § 13–1318.

4. See: Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

in the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest."

In Breen v. Kahl, *supra*, 419 F.2d p. 1036, the Court said:

"Although there may be different justifications for a statute which is applicable to adults and one which applies to students of a high school, the Constitution protects minor high school students as well as adults from arbitrary and unjustified governmental rules.

" 'In our system, state-operated schools may not be enclaves of totalitarianism. School officials do not possess absolute authority over their students. Students in school as well as out of school are "persons" under our Constitution. They are possessed of fundamental rights which the State must respect, just as they must respect their obligations to the State. Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1968).' "

As in Breen v. Kahl, and the other cases referred to above, the defendants here have fallen far short of showing that any distraction or disturbance was caused by the minor plaintiff's hair length during the entire school years of 1968–1969, of 1969–1970, and during the school year 1970–1971 to the time of trial. Nor was there any evidence that at any time any other boys with long hair had disturbed classes, distracted students or teachers, or interfered with the educational process. Also, as in *Breen*, there was no showing of any other possible justification to enforce the regulation against the minor plaintiff.

In this time of change when many adult musicians and other males have let their hair grow long, we think "identity of the sexes" was not a sufficient rationale for a finding of reasonableness or justification. There was no suggestion that the minor plaintiff's hair length constituted a health problem or a physical obstruction or danger to himself or any other person. There was no demonstration whatsoever that the regulation was necessary to alleviate interference with the educational process. Clearly, the defendants have not met their substantial burden of showing justification.

The failure of defendants to sustain any burden of substantial justification distinguishes the instant case from the situation in Ferrell v. Dallas Independent School District, 392 F.2d 697 (5th Cir. 1968), where the Court allowed the school authorities to enforce a regulation prohibiting long hair. In *Ferrell*, the Court found that wearing long hair by students *created disturbances and problems* during school hours. Nothing remotely similar occurred in the instant case during the time the minor plaintiff attended South Laurel Senior High School or at any prior time.

Moreover, we agree with Judge Tuttle who dissented in *Ferrell, supra*, p. 705, that the mere likelihood that long hair "will bring disorder, resistance or improper and even violent action by those supporting the status quo", does not justify a "curtailment of a constitutional right of a dissenter". As was stated in United States v. U. S. Klans, Knights of Ku Klux Klan, Inc., 194 F.Supp. 897, 906 (M.D.Ala.1961), " * * * the threat of mob violence is no excuse for the failure of the Court to issue an injunction to protect the constitutional rights of private citizens. Cooper v. Aaron, 1958, 358 U.S. 1 [78 S.Ct. 1401, 3 L.Ed.2d 5]". As stated in Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 508, 89 S.Ct. 733, 737, 21 L.Ed.2d 731 (1969):

" * * * [I]n our system, undifferentiated fear or apprehension of disturbance is not enough to overcome the right to freedom of expression. Any departure from absolute regimentation may cause trouble. Any varia-

tion from the majority's opinion may inspire fear. Any word spoken, in class, in the lunchroom, or on the campus, that deviates from the views of another person may start an argument or cause a disturbance. But our Constitution says we must take this risk * * *."

The federal court cases cited in defendants' brief are clearly distinguishable. In all of them it was held, as in *Ferrell*, that the "hair" regulation was enforceable because there was strong evidence (absent in the case sub judice) that boys with long hair created disturbances and problems during school hours. The Court of Appeals for the Fifth Circuit in affirming Davis v. Firment, 269 F.Supp. 524 (E.D.La.1967), stated "that there is no material difference between this case and *Ferrell*." See 408 F.2d 1085, 1086 (1969). In Brick v. Board of Education, Sch. Dist. No. 1, Denver, Colo., 305 F.Supp. 1316, 1321 (D.Colo.1969), "there was *substantial* evidence that long hair tended to disrupt school activity and distract students and teachers" (emphasis supplied), and (page 1319) that "long hair * * * presented a safety problem in some physical education activities" in which the plaintiff participated. The decision of the District Court in Jackson v. Dorrier (attached to defendants' brief) was affirmed by the Court of Appeals for the Sixth Circuit, 424 F.2d 213 (1970). A glance at that opinion discloses that the long hair of the minor plaintiffs *caused considerable distracting influence* in the school and in their classes which interfered with the educational process (pp. 216–217). In Gere v. Stanley, 320 F. Supp. 852 (M.D.Pa.1970), numerous complaints were made to the principal about the minor plaintiff's hair style and appearance with a goatee; *he caused annoyance to others in the cafeteria and in class; his hair was dirty;* a students' petition warned him to cut his hair or it would be forcibly cut for him; other threats of violence were made; *his long hair caused commotion, distraction and annoyance among the students, and incited threats to resort to self help.*

In Crews v. Cloncs, 303 F.Supp. 1370, 1375–1376 (S.D.Ind.1969), "* * * [the minor] plaintiff's *appearance directly caused disturbances and disruption of the educational process,* both in the academic classroom and during physical education classes. Plaintiff's *conduct 'materially and substantially interfere[d]'* with the requirements of appropriate discipline in the operation of the school.'" (Emphasis supplied.) Thus, the District Court held that the minor plaintiff was not entitled to an injunction requiring the school board to admit him to High School without first complying with the school's regulation as to length of hair.

Notwithstanding this evidence of justification, the Court of Appeals in Crews v. Cloncs, *supra*, reversed the District Court[5] and remanded for entry of an injunction against the plaintiff's expulsion holding that the defendants' evidence fell short of satisfying their burden of substantial justification because there was no evidence that the school officials acted to punish those students who caused the disruption in classroom activities as a result of plaintiff's long hair.

This court has the greatest respect and admiration for civic-minded members of Pennsylvania school boards whose important public service is rendered gratuitously and usually with small thanks. This court desires to emphasize that it supports all efforts by school boards and principals to fashion reasonable regulations, to enforce such regulations and to punish those who break them. Obedience is a valuable tool and respect for authority must be instilled in the young. However, in our opinion, regulations promulgated upon some unrealized fear, or regulations fashioned to implement personal tastes of some students and school officials, cannot be con-

5. The opinion reversing the District Court was not published at the time the defendants submitted their brief.

stitutionally sustained. Calbillo v. San Jacinto Junior College, *supra*.

It was not pressed by plaintiff's counsel that the school's regulation was vague and indefinite. Thus no decision is based thereon, although it may well be urged that the words "sensible", "conventional" and "extreme" are general generic words and have insufficient specificity to comprise a valid rule of conduct. One cannot know what he must do to be in compliance thereunder and must rely on the discretion of the school officials *ad hoc*. Westley v. Rossi, *supra*.

The restriction in the case under consideration is one of appearance, not based on health or morals; it has effect beyond the environs of the school. It is true that the school stands in the place of a parent while the student is in school, but the hair regulation invades private life beyond the school, where the minor is under the control of his parents. Here, the plaintiff parents approve of the minor plaintiff's long hair. The regulation is simply an attempt to impose taste or preference as a standard without any showing that it was reasonable and necessary to alleviate interference with the educational process at South Laurel Senior High School. Westley v. Rossi, *supra*.

## CONCLUSIONS OF LAW

1. The regulation of South Laurel Senior High School pertaining to boys' haircuts violates the Fourteenth Amendment to the Constitution of the United States in that, if enforced, it will deprive the minor plaintiff of liberty and property without due process of law.

2. The right of the minor plaintiff to wear long hair is protected by the Federal Constitution.

3. The defendants have not met their substantial burden of justification in that they have failed to demonstrate by credible evidence that the style and length of hair worn by the minor plaintiff, or long hair worn by any other boys, has ever disrupted school activity, distracted students or teachers, or interfered with the educational process in South Laurel Senior High School.

4. The defendants have not demonstrated that the style and length of hair worn by the minor plaintiff constitutes a health problem, a morals problem, a physical obstruction or a danger to himself or any other person in the high school.

5. Since the right of the minor plaintiff to wear long hair is protected by the Federal Constitution, this court deems it unnecessary to consider whether he has been denied his rights under the laws of the Commonwealth of Pennsylvania.

6. Insofar as plaintiffs have sued Laurel Highlands School District under § 1983, Title 42 U.S.C., for deprivation of their civil rights, the complaint should be dismissed as to that defendant since only persons may be sued for deprivation of civil rights. Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969); Christman v. Commonwealth of Pennsylvania, 272 F.Supp. 805 (W.D.Pa. 1967).

7. The plaintiffs have not sustained actual or punitive damages.

## ORDER OF COURT

And now; to-wit this 13th day of January, 1971, It is ordered, adjudged and decreed that the defendants and the agents and employees of Laurel Highlands School District be and they hereby are permanently enjoined from enforcing the regulation of South Laurel Senior High School pertaining to hair style or length against the minor plaintiff, William E. Martin, Jr., and from excluding the said minor plaintiff from attending said High School by reason of his hair style or length; and

Further, the defendants are ordered to reinstate the said minor plaintiff as fully and completely as if his suspensions and expulsion had never occurred, and they shall give the minor plaintiff such adequate opportunity and necessary assistance and supplemental instruction as may be necessary and requisite to enable him to make up the school work missed or imperfectly presented as a consequence of the attempted enforcement of the aforesaid regulation pertaining to hair style and length; and no academic or other penalties shall be imposed upon the said minor plaintiff by reason of the circumstances of this case; and

Further, the complaint be and the same hereby is dismissed against Laurel Highlands School District.

The adult plaintiffs and the defendants shall bear their own costs.

## APPENDIX

### DRESS

"Dress and grooming are personal matters and should be equal to the occasion. Extreme variations are not acceptable.

"GIRLS—Neat and conventional skirts and sweaters, skirts and blouses, or school dresses are required. Hemlines should not be too short, nor clothing too tight. Slacks and shorts are not to be worn unless specifically permitted for special occasions. Attractive hair styles, appropriate makeup and a minimum of jewelry are suggested.

"BOYS—Trousers should be worn at the proper height. Belts must be worn unless the style of trousers makes it unnecessary. T-shirts and sweat shirts worn as outer garments are not permissible. Shirts must be buttoned except for the top button. Shirts so designed must be tucked inside the trousers. Sensible, conventional haircuts are in order. Extreme haircuts will not be allowed. No mustaches or beards are allowed. Sideburns may extend to the ear lobe.

"The dress code will be in effect for all school activities unless otherwise stated." (Defendants' Ex. B, p. 15.)