**GUYTEN, a Minor, etc. v RHODES**

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5754. Decided March 11, 1940.

Rosen & Rosen, Cincinnati, for appellant.

Joseph H. Fulton, Cincinnati, for appellee.

## OPINION

By ROSS, J.

The common pleas court sustained a demurrer to the petition, and the plaintiff not desiring to plead further, judgment was entered for the defendant, from which judgment plaintiff appeals on questions of law. The petition contained allegations to the effect that the plaintiff, a minor 12 years of age, was a pupil in a public school of the City of Cincinnati, for defective and incorrigible youth. The defendant is a teacher who was in charge of the room in which the plaintiff was required to study. The defendant furnished milk to those pupils desiring to purchase same, and permitted the pupils to retain the milk bottles in which the milk was sold to the pupils. The defendant upon a certain day absented himself from the school room for the purpose of gossiping with a fellow teacher in another room. During the absence of the defendant another pupil threw a milk bottle at the plaintiff, striking him in the eye, causing him to lose the sight of such eye and impairing the vision of the plantiff's other eye. This other pupil had previously made attacks upon the plaintiff, of which the defendant knew. It also alleged that the defendant knew that the pupil committing the assault upon the plaintiff was 17 years of age and was "of a violent and vicious nature, incorrigible".

It is asserted that the defendant was negligent in (1) leaving the class room without putting some one in charge, knowing the vicious character of the assaulting pupil, and his previous attacks upon the plaintiff; (2) furnishing and permitting pupils to possess milk bottles; (3) failing to restrain and discipline the assaulting pupil for his attacks upon plaintiff; (4) failing to properly protect and guard plaintiff; (5) failing to properly segregate children of varying ages, such as plaintiff and the assaulting pupil, so as to protect plaintiff.

It is claimed by the defendant that these facts do not show any right existing in the plaintiff which was violated by the defendant.

The plaintiff, being 12 years of age, is required by law to attend the public schools. He has no choice either in selecting a class room or a teacher. The teacher has the temporary custody and control of the pupils, and within certain limits may discipline them or have them removed for cause. The class in question was composed of defectives and incorrigibles. It is easily inferred that some of the members might be a menace to others and would require greater supervision and attention than would be necessary in the case of normal children.

Is the teacher then in control of such pupils individually liable for a failure to use proper care to safeguard one

pupil from another, knowing the vicious and incorrigible character of such pupils?

A teacher is civilly liable for an assault upon a pupil, or for the effects of unreasonable corporal punishment. **Quinn v Nolan, 7 Ohio Dec. Rep. 585.**

If the teacher is liable for malfeasance, there appears no sound reason why he should not be held liable for either misfeasance or non-feasance, if his acts or neglect are the direct proximate cause of injury to the pupil.

Suppose a teacher in control of a school room in inclement weather were to raise a window in the room in such a manner as to cause a draft to play upon the pupils and did not permit them to escape the effects of the draft and that as a direct result thereof, a child should become ill, would not the teacher be responsible for the consequential damages? We think that he would.

But the defendant asserts that even if the teacher could be charged with neglect that the injury to plaintiff was not proximately caused by such neglect, for the reason that the teacher could not reasonably anticipate that the plaintiff would be struck by a milk bottle in his absence.

In other words, was the injury of the plaintiff due to the teacher's absence, or to a sudden, unwarranted assault by another pupil, which could not have been reasonably anticipated to occur?

Suppose the assault had occurred when the teacher was present. There is nothing alleged to show that it would not have so occurred. It is necessary in order to constitute the absence of the teacher the proximate cause of the plaintiff's injury that it be reasonably inferred that had the teacher been present, such assault would not have occurred. A jury would not have been justified in so concluding.

The petition alleges other assaults upon the plaintiff by the same pupil. It is not stated that the teacher was present or absent when such assaults occurred. It is alleged that the defendant knew of them. Proximate cause is as much an issue in a tort case as any other issue. It is necessary to allege and prove facts showing that the act or neglect of the defendant is the proximate cause of the injury of which the plaintiff makes complaint. **Flamm v Coney Island Co., 49 Oh Ap 122.**

The mere statement that an act or neglect is the proximate cause of an alleged injury is a conclusion of law, unless the relationship is so apparent as to be reasonably inferable.

No such situation here appears. On the contrary, the violent disposition of the pupil assaulting the plaintiff appears to be the direct and proximate cause of plaintiff's injury and the absence of the defendant only a remote cause, if any, requiring the employment of conjecture to sustain any connection between the absence and the injury.

For these reasons, the judgment of the Court of Common Pleas is affirmed.

HAMILTON, PJ. & MATTHEWS, J., concur.