Opinion by
 

 Hirt, J.,
 

 In this action in trespass for damages resulting from injury to the minor plaintiff, the jury found in favor of
 
 *240
 
 his parents against all three defendants for the amount of the medical and hospital expense. Judgment was entered on the verdict against defendants Myrtle Tyson and Eleanor Rae alone. Defendant Eleanor Rae appealed.
 

 On June 15, 1938 the minor plaintiff, then 10 years old, was a pupil in a public school in which the defendants were acting as teachers, in the employ of the school district. The little finger of the boy’s right hand had been infected but this condition did not prevent him from playing baseball during the noon recess. During the afternoon session of that day, defendant Myrtle Tyson, noticing the inflamed condition of the finger, asked the boy to report at the school office after school. There, if we give the plaintiffs the benefit of the favorable inferences from the testimony, she heated a pan of water to the boiling point and with the assistance of defendant Eleanor Rae immersed the boy’s hand in the scalding water against his will and held it there for about ten minutes. The testimony is that Miss Rae held a paper towel over the boy’s eyes while Miss Tyson kept the boy’s hand in the water. When the hand was removed it was covered with blisters which Miss Tyson opened with a needle. The boy then was suffering intense pain. He was later taken home in Miss Rae’s automobile. His parents immediately sent for a doctor and on his advice the boy was removed to a hospital where he remained for twenty-eight days. The scalding aggravated the infection, and the scar tissue resulting from the boiling water permanently disfigured the hand. There is medical testimony that these conditions were the direct result of the treatment which the boy received at the school from defendants Tyson and Rae.
 

 Under the circumstances, we think it clear that these defendants are legally liable for the damages resulting from their tort. These teachers stood in loco parentis
 
 *241
 
 to the child, hut there is nothing in that relationship which will justify defendants’ acts. Under the delegated parental authority implied from the relationship of teacher and pupil, a teacher may inflict reasonable corporal punishment on a pupil to enforce discipline
 
 (Harris et al. v. Galilley, Appellant,
 
 125 Pa. Superior Ct. 505, 189 A. 779) but there is no implied delegation of authority to exercise her lay judgment, as a parent may, in the matter of the treatment of injury or disease suffered by a pupil. Treatment of the minor plaintiff’s hand was not necessary in this case; defendants were not acting in an emergency. The defendants were not school nurses and neither of them had any medical training or experience. Whether treatment of the infected finger was necessary was a question for the boy’s parents to decide. The status of a parent, with some of the parent’s privileges, is given a school teacher by law in aid of the education and training of the child (see Act of May 18, 1911, P. L. 309, §1410, 24 PS 1382) and ordinarily does not extend beyond matters of conduct and discipline. There is nothing in the teacher-pupil relationship between the defendants in this case and the minor plaintiff which can relieve them from responsibility for their acts. The court properly refused to enter judgment in their favor n.o.v.
 

 Appellant contends that she is entitled to a new trial on the ground of after-discovered evidence. At the trial, the minor plaintiff’s younger brother then about 8 years old testified that, on the day in question, he was called to the school office and was asked to test the temperature of the water by putting his hand in it, but refused. He said that just before he was sent home, Miss Tyson forced Anthony’s hand into the hot water. Shortly after the trial, this child was summoned to the medical room of the school and was examined in the presence of Miss Rae by her counsel. An official court stenographer reported the so-called deposition. No
 
 *242
 
 notice of this proceeding was given plaintiffs. The brother then stated that in fact no one asked him to put his hand in the water; that Miss Rae sent him home and he left before defendants treated Anthony’s hand. This variation in his testimony is unimportant for admittedly he was not there during the occurrences upon which plaintiffs rely and the verdict is in no way dependent on his testimony. In another trial it is not probable that the brother’s corrected testimony would bring about a different result. Defendant therefore is not entitled to a new trial on that ground.
 
 McDermott, Appellant, v. Marlow et al.,
 
 336 Pa. 337, 9 A. 2d 420.
 

 Judgment affirmed.