Lawrence AXTELL, a minor, by his father and next friend, Frederick B. Axtell

v.

Robert J. LaPENNA, individually and as Superintendent of Schools, City of Erie, Pa., et al.

No. 87–70 Erie.

United States District Court,
W. D. Pennsylvania,

March 3, 1971.

---

Roger M. Fischer, Erie, Pa., for plaintiff.

D. Sherwood Jones, Erie, Pa., for defendants.

## OPINION AND ORDER

KNOX, District Judge.

Introduction:

The Court in this non-jury Civil Rights case has heard the evidence, the arguments of counsel and having reviewed the briefs and other documents submitted by the parties enters the following Findings of Fact, Opinion and Conclusions of Law.

### A. FINDINGS OF FACT

1. The plaintiff, Lawrence Axtell, is a fourteen year old minor presently enrolled in the ninth grade of Memorial Junior High School, one of the five junior high schools within the jurisdiction of the School Board of Erie, Pennsylvania. This suit is brought on his behalf by his father, Lawrence Axtell, Sr.

2. Memorial Junior High School has an enrollment of 1,272 pupils and distributed to them in the fall of 1970 a "Student Handbook" requiring inter alia: " * * * Proper hair grooming and hair styling are to be maintained."

3. Memorial Junior High School annually distributes to students and their parents a mimeographed "Modified Grooming Code" providing inter alia:

*"Boy's Grooming*

I. Hair (Use good common sense)

 a. Follow contour of head and be tapered on back and sides.

 b. Cannot touch the collar in the back.

 c. Must be kept above the eyebrow.

 d. Must not go over the ears on the sides.

 e. Must be kept neat and clean.

II. *Sideburns*

 a. May grow to bottom of ear line.

 b. Should be trimmed square and neat.

 c. All boys should be clean shaven."

4. The "Student Handbook" was originated in 1966 by the Administration of the School alone, while the "Modified Grooming Code" is annually reviewed and updated by the Administration, the Parent Teachers Association and select students. The present version was promulgated in the fall of 1970.

This handbook and code were never approved as Rules and Regulations by the School Board as apparently required by Section 510 of the Pennsylvania School Code (24 Purdons Pa.Stat. § 5–510) but this defect was waived by plaintiffs.

5. Minor plaintiff's hair is neatly groomed but longer than that permitted by the Modified Grooming Code. After many conferences with Mr. and Mrs. Axtell and various members of the School Administration, Lawrence Axtell was finally sent home on November 13, 1970, by Assistant Principal, Joseph Gervase and ordered to get a haircut so as to bring himself within the scope of the Dress Code, and not return until he had done so.

6. Lawrence Axtell, with the consent and approval of his parents, declined to get a haircut and, on November 19,

1970, was officially suspended by means of a hand-delivered letter signed by Principal Albert Hook.

Plaintiff was never given a proper hearing before the School Board after charges as required by Section 1318 of the Pennsylvania School Code (24 P.S. § 13–1318) but this defect also was waived by plaintiffs.

7. There has been no evidence submitted that long hair on male students has at any time disrupted school activity or discipline, distracted students or teachers in classrooms, or interrupted the educational process at Memorial Junior High School.

8. The minor plaintiff's long hair has never been a disruptive or disturbing influence at Memorial Junior High School nor has it adversely affected such minor's academic performance, nor interfered with educational processes.

9. The minor plaintiff has been neat and clean in his person, including his long hair which he keeps neatly combed. The length of this minor's hair presents no danger to the health and safety either of himself or of other students.

10. As a result of this suspension, this action was instituted, under the provisions of the Civil Rights Act, 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3, 4). On December 10, 1970, this Court issued a Temporary Restraining Order, which was later extended and the minor plaintiff returned to school. On December 28, 1970, a hearing on Motion for a Preliminary Injunction was held. It was stipulated that evidence taken at this hearing should also be applicable to the request for a permanent injunction.

11. No actual or punitive damages were sustained by the plaintiff.

12. Defendants are administrators and directors of the Erie School District as set forth in the caption.

### B. OPINION

This is another of what has been described by the Court of Appeals of the First Circuit as a growing "thicket" of hair cases. (Richards v. Thurston, 424 F.2d 1281, 1970). The Federal Courts in this country are now being classified as "pro hair" and "anti-hair". The U. S. Supreme Court has thus far not reviewed the hair situation.

Inasmuch as the plaintiffs specifically waive any challenge to the Administrative procedure relating to the suspension and do not raise any question of vagueness or of freedom of speech under the First Amendment of the United States Constitution, the Court will concentrate its discussion on the following issue: Is the regulation of hair length and hair styling by a school administration an infringement of the constitutional rights of liberty of an individual as afforded under the Fourteenth Amendment of the United States Constitution?

While it is acknowledged that school authorities stand in the position of loco parentis over children while they are in attendance at school[1] and that the Board of School Directors have full power to enact and enforce reasonable rules and regulations concerning the conduct of students while at school[2], such statutory authority resides solely in the Board of School Directors and not in the administration of individual schools. However, plaintiffs make no challenge to the promulgation of reasonable rules by individual school administrators when tailored to the exigencies of their specific situations.

An examination of the "long-hair cases" to date makes clear that each such case must be decided on its own factual background and setting. Under the peculiar facts and circumstances of the instant case, the plaintiffs properly contend that such regulations concerning personal behavior and appearance are appropriate in the area of conduct only where necessary to prevent "a deleterious effect on the student's ability to read and write and to communicate and interact with other human beings in a positive

---

1. Pennsylvania School Code, Sec. 1317 (24 P.S. § 13–1317).

2. Pennsylvania School Code Sec. 510 (24 P.S. § 5–510).

manner".[3] The Supreme Court has cautioned school officials that they do not possess absolute authority over their students with the following language: "In our system, state-operated schools may not be enclaves of totalitarianism. School officials do not possess absolute authority over their students. Students in school as well as out of school are 'persons' under our Constitution. They are possessed of fundamental right which the State must respect, just as they themselves must respect their obligations to the State." Tinker v. Des Moines Community School District, 393 U.S. 503, 511, 89 S.Ct. 733, 739, 21 L.Ed.2d 731 (1968). It is clear that the "in loco parentis" section of the Pennsylvania School Code (24 P.S. § 13–1317) was never intended to invest the schools with all the authority of parents over their minor children but only such control as is necessary to prevent infractions of discipline and interference with the educational process. See Guerrieri v. Tyson, 147 Pa. Super. 239, 24 A.2d 468 (1942).

 In the absence of a clear showing that school regulations are necessary to prevent disruption of the educational process, recent case law recognizes that an individual's hair style and personal appearance are entitled to protection from action by the State, or its agents, under the due process clause of the Fourteenth Amendment. Westley v. Rossi, 305 F.Supp. 706 (D.Minn.1969); Richards v. Thurston, 424 F.2d 1281 (1st Cir. 1970); Gere v. Stanley, 320 F.Supp. 852 (Pa.1970); Martin v. Davison, 322 F.Supp. 318 (Pa.1971).

The Supreme Court has long recognized the individual's right to control his own person:

"No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." Union Pacific Rwy. v. Botsford, 141 U.S. 250, 251, 11 S.Ct. 1000, 1001, 35 L.Ed. 734 (1891).

Recent decisions have accorded the same high order of importance to the individual's special right to control his physical person "The Founding Fathers wrote an amendment for speech and assembly; even they did not deem it necessary to write an amendment for personal appearance.[4] We conclude that within the commodious concept of liberty, embracing freedoms great and small, is the right to wear one's hair as he wishes." Richards v. Thurston, supra, 424 F.2d at 1285. See also Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

"Determining that a personal liberty is involved answers only the first of two questions. The second is whether there is an outweighing state interest justifying the intrusion. The answer to this question must take into account the nature of the liberty asserted, the context in which it is asserted, and the extent to which the intrusion is confined to the legitimate public interest to be served. * * * Once the personal liberty is shown, the countervailing interest must either be self-evident or be affirmatively shown. We see no inherent reason why decency, decorum, or good conduct requires a boy to wear his hair short. Certainly eccentric hair styling is no longer a reliable signal of perverse behavior." Richards v. Thurston, supra, 424 F.2d at 1285–1286. "The right to wear one's hair at any length or in any manner is an ingredient of personal freedom protected by the United States Constitution." Breen v. Kahl, 419 F.2d 1034, 1036 (7th Cir. 1969); Sims v. Colfax Community School District, 307 F.Supp. 485, 488 (S.D.Iowa, 1970), "* * school hair rules are reasonable and thus

---

3. Testimony of Superintendent LaPenna, P. 64 of Proceeding of Dec. 28, 1970.

4. Remarks of James Madison, reported and discussed in Redlich "Are There Certain Rights * * * Retained by the People?", 37 N.Y.U.L.Rev. 787, 804–812 (1963).

constitutional only if the school can objectively show that such a rule does in fact prevent some disruption or interference with the school system. * * * 'In short, the freedom here protected is the right to some breathing space for the individual into which the government may not intrude without carrying a substantial burden of justification.' " Crews v. Cloncs, 432 F.2d 1259, 1264 (7th Cir. 1970) " * * * Since the impact of hair regulations extends beyond the schoolhouse gate, the degree of state infringement on personal rights is significantly greater than in many other areas of school discipline. * * * As a result, we held that 'to limit or curtail [plaintiff's right to wear his hair at any length or in any desired manner] * * the state has a substantial burden of justification.' " It should be noted that hair regulations necessarily extend to length of hair on or off school premises. The child must either wear at all times a hair style not to his taste in order to conform to school rules or put on a wig when arriving home.

 Testimony in the instant case clearly establishes that no disorder, disruption or interference with the educational process were caused by Lawrence Axtell's violation of the regulation in question. More significantly, the defendants offered no evidence that either the existence or the fear of disruption preceded the adoption of the regulation. In point is the testimony of Superintendent LaPenna, based upon his experience in the School Districts of Erie and Washington, D. C., that he is neither aware that any direct relationship exists between the length of a student's hair and a disruption of the educational process nor has he ever been so advised by any member of the faculty or administration of any school within the City of Erie.[5] Thus the defendants have failed to meet the substantial burden of justification.

The cases in which the courts have upheld similar school regulations are distinguishable from the instant case by one over-riding factor: in each case the school authorities presented evidence that in its particular setting the regulation was reasonable and needed. Ferrell v. Dallas Independent School District, 392 F.2d 697 (5th Cir., 1968); Brick v. Board of Education, School District No. 1, Denver, Colo., 305 F.Supp. 1316 (D. Colo.1969); Gere v. Stanley, supra. It was on this basis that Chief Judge Marsh of this district decided Martin v. Davison (supra, Jan. 13, 1971) and distinguished Gere in the Middle District of Pennsylvania.

 Defendants presented some evidence that the manner of adopting the regulation was reasonable and that school authorities did not impose a unilateral decision upon students. (We have previously indicated that the regulation was not adopted consistent with Sec. 510 of the Pennsylvania School Code but that is not before us.) Notwithstanding such evidence, a school regulation, unreasonable by constitutional standards cannot be made reasonable merely because the means of its adoption was itself reasonable. Therefore, this Court need not consider the reasonableness of the manner in which this "hair rule" came into being and holds only that the Dress Code of Memorial Junior High School pertaining to boys' haircuts is unreasonable and, therefore, impinges on fundamental rights guaranteed hirsute youth under the Fourteenth Amendment of the U. S. Constitution to control their own persons.[6] As a matter of fact, personal observation of the minor plaintiff shows him neatly groomed and photographs indicate the same appearance at the time of suspension.

Since time out of mind, certain people have tried to impose their wills as to dress and length of hair and beards upon

5. Proceedings of hearing on Petition for Injunctive Relief, Pp. 62–62.

6. Long ago, Judge Cooley said, "The right to one's person may be said to be the right of complete immunity: to be let alone." Richards v. Thurston, supra, 424 F.2d at 1285.

other persons. We will not go into the whole history of so called sumptuary laws dating back to Greek and Roman times. See Encyclopedia Britannica, 11th Ed. "Sumptuary Laws". It is sufficient to point out that the English Parliament attempted such legislation in the year 1363 in the Statute of 37 Edward III, C. 8–14 and apparently found it could not be enforced because 100 years later another Statute had to be enacted 3 Edward IV, C. 5, in the year 1463. We feel certain that attempts at such legislation today in United States would be immediately stricken down by the Courts under the Fourteenth Amendment as interfering with matters of personal liberty which is proscribed by Griswold v. Connecticut, supra, and other similar cases.

Attention should further be called to the edicts of Czar Peter the Great, in Russia, who, in his attempt to Europeanize the country in the early days of the eighteenth century, issued imperial decrees requiring his subjects to remove their beards and cut their hair. See Richards v. Thurston, 424 F.2d 1281 (1st Cir. 1970). Again, we have no doubt that such legislation generally would be stricken down in United States today. Most of us think we know what constitutes good taste in social relations and try to conform. But this is no reason to force our will upon others by laws and regulations.

## C. CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter of this action.

2. The right of minor plaintiff to wear long hair is protected by the Federal Constitution.

3. The regulation of Memorial Junior High School at Erie, Pennsylvania, pertaining to boys' haircuts violates the Fourteenth Amendment to the Constitution of the United States in that, if enforced, it will deprive the minor plaintiff of liberty and property without due process of law.

4. The defendants have not introduced any evidence indicating that the style and length of hair worn by the minor plaintiff has ever disrupted any school activity, distracted students or teachers or interfered in any manner with the educational processes in Memorial Junior High School, Erie, Pennsylvania.

5. The right of the minor plaintiff to wear his hair in such manner as he pleases is protected by the Federal Constitution in the absence of showing that there has been a disruption of discipline or ' interference with the educational process. The regulation, as promulgated by Memorial Junior High School, Erie, Pennsylvania, is void as respects this plaintiff.

6. Plaintiffs have not sustained actual or punitive damages.

7. An injunction should issue restraining the defendants from interfering with the education of the minor plaintiff on the grounds of alleged violation of the grooming and dress code of Memorial Junior High School.

8. The cost of this proceeding shall be paid equally by the parties.