WALCZESKY, APPELLEE, *v.* THE HORVITZ CO., APPELLANT.

[Cite as Walczesky v. Horvitz Co. (1971), 26 Ohio St. 2d 146.]

(No. 70-219—Decided May 19, 1971.)

148

*Messrs. Kilbane, McDonnell & Sweeney* and *Mr. Michael A. Sweeney,* for appellee.

*Messrs. Arter & Hadden* and *Mr. Edward C. Baran,* for appellant.

CORRIGAN, J. In this appeal, defendant raises five propositions of law in support of its position that the judgment should be reversed.

Defendant's first contention is that "in the absence of a showing of negligence on his part, a contractor who * * * employs the use of explosives, does not expose himself to liability without fault * * *."

It is defendant's position that plaintiff did not prove negligence on the part of defendant in its blasting operations and that the trial court erred in instructing the jury that when explosives are used "* * * in such proximity to adjoining property that regardless of the care used, the natural, necessary or probable result of the force of the explosion * * * will invade the adjoining premises, injuring the buildings thereon, it renders the person making use of such explosives liable for the damage proximately and naturally resulting therefrom irrespective of the question of negligence or want of skill in the blasting operation."

In so instructing the jury, the trial judge closely followed the language of paragraph one of the syllabus of *Louden* v. *Cincinnati* (1914), 90 Ohio St. 144.

The holding in that case places us among those jurisdictions which impose strict liability in blasting cases where damage to property is caused by vibration or concussion resulting from the use of explosives. While, as noted in the annotation in 20 A. L. R. 2d 1372, 1375, there is a split of authority on whether strict liability should be applied in such cases, this court was committed to the rule of strict liability since even before the *Louden* case. See *Bradford Glycerine Co.* v. *St. Marys Woolen Mfg. Co.* (1899), 60 Ohio St. 560; *Tiffin* v. *McCormack* (1878), 34 Ohio St. 638.

As recently as 1959, in the course of the opinion in

*Crisafi* v. *Cleveland* (1959), 169 Ohio St. 137, 139, this court expressly approved the *Louden* holding. We see no reason at this time to retreat from the rule of absolute liability as clearly declared in *Louden*. Therefore, the trial judge did not commit error when he instructed the jury in conformity with the language of the syllabus in that case.

Defendant's second contention is that the state's immunity from tort liability should be extended to it "in its contractual performance of a governmental function for the state of Ohio."

In support of that contention, defendant cites *Bliss* v. *Hosmer* (1846), 15 Ohio 45, and *Beebe* v. *Scheidt* (1862), 13 Ohio St. 406. In those cases, defendants physically trespassed upon plaintiffs' lands in the performance of their duties to construct a canal and to open roads. It is readily apparent in each of those cases the trespass upon plaintiff's land was of an entirely different nature than the trespass involved here. Furthermore, there, the trespasses were made pursuant to specific governmental authorization, whereas, here, the authorization to construct the highway could not be said to include authorization to damage adjoining property through the use of explosives.

Although there is authority contra, it has been held that, in cases where property is damaged by concussion or vibration as a result of inherently dangerous operations conducted by a public contractor, the contractor is not immune from liability by virtue of his contract with a governmental agency. *Scranton* v. *DeFelice & Son* (1951), 137 Conn. 580, 79 A. 2d 600; *Whitney* v. *Myers Contracting Corp.* (1961), 146 W. Va. 130, 118 S. E. 2d 622; *Bluhm* v. *Blanck & Gargaro* (1939), 62 Ohio App. 451; *Johnson* v. *Wooster* (1967), 10 Ohio App. 2d 163; annotation, 9 A. L. R. 3d 382.

As a reason for denying the extension of immunity to the contractor, the court, in *Whitney* v. *Myers Contracting Corp., supra* (146 W. Va. 130), at page 146, said:

"It can hardly be argued that the contract * * * contemplated, or that the parties thereto could have foreseen,

the destruction or damage * * * or that such destruction or injuries were a necessary or an unavoidable incident of the performance of the contract.''

We agree with that reasoning and the above-cited authorities. We conclude, therefore, that a road contractor who engages in blasting operations incident to road construction under a contract with the state, which activity results in vibration or concussion damage to a landowner's property, is not entitled to the protection of governmental immunity.

The third proposition of law advanced by defendant is that plaintiff failed to establish that the damages were the proximate result of defendant's blasting operations. Under this heading, defendant attempts to demonstrate, by pointing to the scientific testimony introduced at the trial, that the damages could not have resulted from its blasting operations. Opposed to the expert testimony offered by defendant was the testimony of plaintiff and her daughter that the blasts shook the house, cracking windows, walls and the bathroom floor. Under these circumstances, reasonable minds could have reached different conclusions on the question of proximate cause. Thus, that issue presented a question for the jury, and the issue was therefore properly submitted to the jury for determination.

Defendant's fourth contention is that the trial court erred in refusing to give certain requested instructions to the jury before argument. While defendant admits that the substance of the requested instructions was included in the court's general charge, it cites *Chesrown* v. *Bevier* (1920), 101 Ohio St. 282, for the proposition therein expressed that ''if the request correctly states the law and is pertinent to one or more of the issues of the case and the same subject has not been covered by other charges given before argument, it is error to refuse to give such charge before argument * * *.''

It must be pointed out that the *Chesrown* rule applies only when the requested instruction is specifically ''per-

tinent to one or more of the issues of the case." As the court stated in *Bradley* v. *Mansfield Rapid Transit* (1950), 154 Ohio St. 154, 168, "* * * a court should not give before argument a special instruction which states merely an abstract proposition of law."

An "abstract instruction," as defined in the *Bradley* case, is one "which does not apply a germane principle of law to the facts of the case being tried or * * * an instruction dealing in generalities and *not linked to the parties and connected with the issues in the particular case.*" (Emphasis added.)

Examination of the instructions requested and refused here reveals that they are all general instructions of the type normally given in a case such as this, namely: That the jury should not let sympathy enter into consideration of the case; that the jury is the judge of the credibility of the witnesses, and what the jury should consider in judging credibility; that plaintiff has the burden of proof, and the degree of proof required; and that defendant is not obliged to prove its freedom from negligence.

Inasmuch as the requested instructions were general in character, applicable in all similar actions, and not linked to the parties and connected with the issues in the particular case, the trial court did not err in refusing to give such special instructions.

Moreover, even if error in such respect were shown, such error "must be prejudicial in order to support reversal of a judgment," paragraph two of the syllabus, *Smith* v. *Flesher* (1967), 12 Ohio St. 2d 107, and here no possible prejudice has been demonstrated.

Under its final proposition of law, defendant claims that it was denied a fair trial because of the admission of certain evidence at the trial and because of remarks of plaintiff's counsel in closing argument. It is also claimed that the damages awarded by the jury were excessive.

An examination of the record in relation to each of the points raised under the fifth proposition of law leads to the conclusion that no prejudice is shown in any of the

respects advanced by defendant thereunder. Since defendant was absolutely liable for damages proximately resulting from the ultra-hazardous blasting activity, the only elements essential for plaintiff to establish were causation and damages. As to those issues, there was sufficient evidence to support both the jury's finding of liability and the amount of the verdict.

Since we find none of the reasons advanced by defendant for reversal to have merit, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, STERN and LEACH, JJ., concur.