BAIRD ET AL., APPELLEES, *v.* HOSMER, APPELLANT.

[Cite as Baird v. Hosmer (1976), 46 Ohio St. 2d 273.]

(No. 75-1018—Decided May 26, 1976.)

*Messrs. Duda, Elk & Wohl, Mr. William M. Wohl* and *Mr. John E. Duda,* for appellees.

*Meyers, Stevens & Rea Co., L. P. A., Mr. Joseph G. Schneider* and *Mr. Gerald L. Jeppe,* for appellant.

HERBERT, J. The central issue presented by this appeal is whether a complaint alleging that a student suffered personal injury as a direct and proximate result of a teacher's failure to exercise reasonable care in the performance of her duties states a valid cause of action against the teacher. Cf. *Salyers* v. *Burkhart* (1975), 44 Ohio St. 2d 186, 339 N. E. 2d 652.

Initially, appellant submits that the degree of tort im-

munity afforded boards of education[1] should be extended to school teachers. In support of this contention, appellant relies upon *Hall* v. *Bd. of Edn., supra* (32 Ohio App. 2d 297), in which the court stated that teachers are immune from liability for torts committed within the scope of those duties involving the exercise of judgment and discretion. A close reading of the opinion in *Hall* reveals that the Court of Appeals addressed itself only to those defendants mentioned in the appellant's assignment of error. (The Columbus Board of Education, an elementary school principal, the superintendent of the Columbus Public School System and the assistant superintendent.) Furthermore, the language in the syllabus regarding the liability of teachers was not necessary to a resolution of the issues before the court.

Decisions from other jurisdictions have rejected such immunity claims on behalf of public school teachers. In *Crabbe* v. *County School Bd. of Northumberland Co.* (1968), 209 Va. 356, 164 S. E. 2d 639, suit was brought against the school board and a high school teacher whose alleged negligence caused injuries to a pupil. After holding that the school board was immune from liability, the Supreme Court of Virginia addressed itself to the issues of the teacher's responsibility, stating at page 359:

"* * * We do not agree with the contention of this defendant that the immunity of the school board from liability to the plaintiff extends to him. It is true that at the time the plaintiff was injured through the alleged negligence of the defendant Albrite, the latter was employed in and performing his duties as an instructor at the school,

---

[1]See *Bd. of Directors of Sub-School Dist.* v. *Burton* (1875), 26 Ohio St. 421; *Finch* v. *Bd. of Edn.* (1876), 30 Ohio St. 37; *Gregory* v. *Small* (1883), 39 Ohio St. 346; *Bd. of Edn.* v. *Volk* (1905), 72 Ohio St. 469, 74 N. E. 646; *Wayman* v. *Bd. of Edn.* (1966), 5 Ohio St. 2d 248, 215 N. E. 2d 394; *Hall* v. *Bd. of Edn.* (1972), 32 Ohio App. 2d 297, 290 N. E. 2d 580. R. C. Chapter 2743 provides for suits against the state to be heard in the Court of Claims. However, pursuant to R. C. 2743.01, permission to bring such actions does not extend to suits against school districts.

But the fact that Albrite was performing a governmental function for his employer, the school board, does not mean that he was exempt from liability for his own negligence in the performance of such duties.''

Remanding the case for a new trial, the court, at page 360, concluded by finding that ''* * * the plaintiff has stated a good cause of action against defendant Albrite, even though the school board involved enjoys the sovereign immunity of the state.''

Similarly, in *Duncan* v. *Koustenis* (1970), 260 Md. 98, 271 A. 2d 547, the defendant teacher attempted to raise the immunity of the board as a bar to the action. In considering that argument, the court noted that a teacher is not required to take an official oath, receives no commission, is not commonly thought of as an officer or occupant of an office, and does not exercise the sovereign powers of government. Based on those factors, the *Duncan* court concluded that a teacher is not a public official,[2] but rather is a professional contract employee of the state, and not entitled to the immunity from tort liability vested in school boards.[3]

Other courts are in agreement with the holdings in

[2]Other decisions holding that teachers are not public officials include *Eastman* v. *Williams* (1965), 124 Vt. 445, 207 A. 2d 146; *Main* v. *Claremont Unified School Dist.* (1958), 161 Cal. App. 2d 189, 326 P. 2d 573; *Francis* v. *Iowa Employment Security Comm.* (1959), 250 Iowa 1300, 98 N. W. 2d 733; *Leymel* v. *Johnson* (1930), 105 Cal. App. 694, 288 P. 858.

[3]This finding is consistent with the general principle that the mantle of sovereign immunity does not extend to the negligent acts of the employees of a state or its subdivisions. See *Crabbe* v. *County School Bd. of Northumberland Co.* (1968), 209 Va. 356, 164 S. E. 2d 639; *Lenth* v. *Schug* (1938), 226 Iowa 1, 281 N. W. 510; *Miller* v. *Jones* (1945), 224 N. C. 783, 32 S. E. 2d 594; *Spielman* v. *State* (N. D. 1958), 91 N. W. 2d 627; *Anderson* v. *Calamus Community School Dist.* (Iowa 1970), 174 N. W. 2d 643; *Duncan* v. *Koustenis* (1970), 260 Md. 98, 271 A. 2d 547; *Smith* v. *Hefner* (1952), 235 N. C. 1, 68 S. E. 2d 783.

See, also, *Rankin* v. *Sander* (1953), 96 Ohio App. 40, 121 N. E. 2d 91; *Agnew* v. *Porter* (1970), 23 Ohio St. 2d 18, 260 N. E. 2d 830; *Walczesky* v. *Horvitz Co.* (1971), 26 Ohio St. 2d 146, 269 N. E. 2d 844.

*Crabbe* and *Duncan,* and have refused to extend the tort immunity of the board to its teachers or other employees. See *Lovitt* v. *Concord School Dist.* (1975), 58 Mich. App. 593, 228 N. W. 2d 479; *Rose* v. *Bd. of Edn.* (1959), 184 Kan. 486, 337 P. 2d 652; *Anderson* v. *Calamus Com. School Dist.* (Iowa 1970), 174 N. W. 2d 643.

As stated in *Leymel* v. *Johnson,* 105 Cal. App. 694, 699, 288 P. 858:

"* * * No matter how highly we regard the profession of teaching, we cannot conclude that the teacher is exercising some of the sovereign powers of the state in performing the arduous duties of his profession. He must be paternal * * * the moralist * * * a disciplinarian * * * an educator * * *. In doing these things he can accomplish them as the man and the citizen, and for success in his endeavors he does not need to be clothed with any of the sovereign functions of the state."

Appellant contends further that teachers stand *in loco parentis* to their students and should be accorded the same tort immunity which is given to parents. See *Teramano* v. *Teramano* (1966), 6 Ohio St. 2d 117, 216 N. E. 2d 375.⁴ Although we agree that a teacher has the obligation of maintaining supervision and discipline within the areas of his responsibility, it does not follow that the considerations of public policy expressed in *Teramano* would be served by granting teachers the immunity therein accorded to parents. In *Teramano,* the court was concerned with the "parental relationship" and implicitly with the effects on the peace and harmony of the home if tort actions were allowed by a child against his parent. Clearly, the parent-child relationship is unique, and the effect upon classroom environment of a student's suit against a teacher is minimal when compared to the disruptive influence on the home that would result from a tort action by child against parent.

---

⁴In *Teramano,* this court held that a parent is immune from suit by his unemancipated minor child for tort unless facts of the case are sufficient to show abandonment of the parental relationship.

Other courts have considered the *in loco parentis* argument, and have used the duties arising from the teacher-pupil relationship as a basis for imposing a standard of due care upon the teacher. Speaking of this responsibility, the Supreme Court of Vermont in *Eastman* v. *Williams* (1965), 124 Vt. 445, 207 A. 2d 146, stated, at page 448:

"* * * In a limited sense the teacher stands in the parent's place in his relationship to a pupil under his care and charge, and has such a portion of the powers of the parent over the pupil as is necessary to carry out his employment. In such relationship, he owes his pupils the duty of supervision, and if a failure to use due care in such supervision results in injury to the pupil in his charge, makes him liable to such pupil. Common sense and fairness must call for the exercise of reasonable care in such duty of supervision, not only in the commission of acts that will not injure the pupil, but in a neglect or failure to act, when from such failure to act, injury results. * * * If the teacher is liable for misfeasance, we find no sound reason why he should not also be held liable for nonfeasance, if his acts or neglect are the direct proximate cause of the injury to the pupil."

Likewise, in *Gaincott* v. *Davis* (1937), 281 Mich. 515, 518, 275 N. W. 229, 231:

"At least in a limited sense the relation of a teacher to a pupil is that of one *in loco parentis*. We are not here concerned with the law applicable to punishment of a pupil by a teacher; but rather with the law applicable to the duties of a teacher in the care and custody of a pupil. In the faithful discharge of such duties the teacher is bound to use reasonable care, tested in the light of the existing relationship. If, through negligence, the teacher is guilty of a breach of such duty and in consequence thereof a pupil suffers injury, liability results. It is not essential to such liability that the teacher's negligence should be so extreme as to be wanton or wilful."[5]

---

[5]See *Segerman* v. *Jones* (1969), 256 Md. 109, 259 A. 2d 794; *Brooks* v. *Jacobs* (1943), 139 Me. 371, 31 A. 2d 414; *Guerrieri* v. *Tyson* (1942), 147 Pa. Sup. 239, 24 A. 2d 468.

Thus, the distinction noted in *Segerman* v. *Jones, supra* (259 A. 2d 794) is pertinent. Although teachers may stand *in loco parentis* as regards the enforcement of authority, teachers do not stand *in loco parentis* with regard to their negligent acts. A teacher is civilly liable for negligently causing the injury of a child, while a parent of the child is not.

In *Guyten* v. *Rhodes* (1940), 65 Ohio App. 163, 29 N. E. 2d 444, the court stated, at page 165:

"If the teacher is liable for malfeasance, there appears no sound reason why he should not be held liable for either misfeasance or nonfeasance, if his acts or neglect are the direct proximate cause of injury to the pupil."

Additionally, a large number of decisions from other jurisdictions demonstrate that tort immunity is not accorded to teachers[6], and that actions against them for personal injuries resulting from their negligent acts have been consistently allowed.[7]

---

[6]See, *e. g.*, *Dailey* v. *Los Angeles Unified School Dist.* (1970), 2 Cal. 3rd 741, 470 P. 2d 360; *Adams* v. *Kline* (Del. 1968), 239 A. 2d 230; *Miller* v. *Griesel* (Ind. 1974), 308 N. E. 2d 701; *Fosselman* v. *Waterloo Com. School Dist.* (Iowa 1975), 229 N. W. 2d 280; *Cox* v. *Barnes* (Ky. 1971), 469 S. W. 2d 61; *Mogabgab* v. *Orleans Parish School Board* (La. App. 1970), 239 S. 2d 456; *Brooks* v. *Jacobs, supra* (139 Me. 371); *Duncan* v. *Koustenis, supra* (260 Md. 98); *Gaincott* v. *Davis, supra* (281 Mich. 515); *Wire* v. *Williams* (1965), 270 Minn. 390, 133 N. W. 2d 840; *Doktor* v. *Greenberg* (1959), 58 N. J. Supp. 155, 155 A. 2d 793; *Ferreira* v. *Sanchez* (1969), 79 N. M. 768, 449 P. 2d 784; *Miller* v. *Bd. of Edn.* (1943), 291 N. Y. 25, 50 N. E. 2d 529; *Drum* v *Miller* (1904), 135 N. C. 204, 47 S. E. 421; *Hutchison* v. *Toews* (1970), 4 Ore. App. 19, 476 P. 2d 811; *Guerrieri* v. *Tyson, supra* (147 Pa. Supp. 239); *Wentz* v. *Deseth* (N. D. 1974), 221 N. W. 2d 101; *DeGooyer* v. *Harkness* (1944), 70 S. D. 26, 13 N. W. 2d 815; *Sewell* v. *London* (Tex. Civ App. 1963), 371 S. W. 2d 426; *Eastman* v. *Williams, supra* (124 Vt. 445); *Crabbe* v. *County School Bd. of Northumberland Co., supra* (209 Va. 356); *Gordon* v. *Deer Park School Dist.* (1967), 71 Wash. 2d 119, 426 P. 2d 824; *Grosso* v. *Wittemann* (1954), 266 Wis. 17, 62 N. W. 2d 386; *Fagan* v. *Summers* (Wyo. 1972), 498 P. 2d 1227; *Downs* v. *Conway School Dist.* (E. D. Ark., 1971), 328 F. Supp. 338.

See, also, Fla., Att. Gen. Rep., p. 337 (1954); S. C. Op. Att. Gen., p. 77 (1965).

[7]Commentators also recognize that teachers may be liable for per-

From a review of the instant record, this court agrees with the finding of the Court of Appeals that there were genuine issues as to material facts before the trial court and, therefore, the entry of summary judgment was improper. Civ. R. 56(C).

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

CORRIGAN, J., dissents.

sonal injuries to pupils which result from teacher negligence. See Seitz, Legal Responsibility Under Tort Law of School Personnel and School Districts as Regards Negligent Conduct Toward Pupils, 15 Hastings L. J. 495 (1964); Comments and Notes, Teacher's Liability for Pupils Injuries—Duty of Supervision, 19 Maine L. Rev. 111 (1967); Proehl, Tort Liability of Teachers, 12 Vand. L. Rev. 723 (1959); Ripps, Tort Liability of the Classroom Teacher, 9 Akron L. Rev. 19 (1975); Vacca, Teacher Malpractice, 8 U. Rich. L. Rev. 447 (1974); comments, Schools and Teachers—Tort Liability in Our Changing Society, 8 U. Kan. L. Rev. 124 (1959).