BOYER ET AL., APPELLANTS, *v.*
JABLONSKI; REINAGLE ET AL., APPELLEES.

(No. 41957—Decided November 6, 1980.)

*Sindell, Lowe & Guidubaldi Co., L.P.A.,* and *Mr. Donald Cybulski,* for appellants.

*Messrs. Seelie & Seelie* and *Mr. John F. Seelie,* for appellee Damon Reinagle.

*Meyers, Stevens & Rea Co., L.P.A.,* and *Mr. Joseph G. Schneider,* for appellee Eugene Myslenski.

JACKSON, P. J.   On August 11, 1975, the plaintiffs-appellants, Jeri W. Boyer, a student at Lakewood High School, and her father, Lewis Boyer, brought this action against Sharon Jablonski (a fellow student), Damon Reinagle (the plaintiff's art teacher) and Eugene Myslenski (principal of the high school). The plaintiffs alleged that the defendants were liable for injuries sustained by Miss Boyer on December 12, 1974. The complaint stated that Miss Jablonski "either intentionally or negligently kicked a classroom stool upon which plaintiff [hereinafter, 'plaintiff' refers to Jeri Boyer] was seated causing plaintiff to fall to the floor."

The complaint charged that Mr. Reinagle was "negligent this day in not maintaining proper control over the students and in allowing the incident to happen." It also alleged that Mr. Reinagle and Mr. Myslenski "were negligent * * * in purchasing or authorizing * * * stools of this design which they knew, or should have known, were not safe and improperly designed for use by teenage students," and that they were negligent in not having replaced the stools before this incident occurred.

Defendants Reinagle and Myslenski moved for summary judgment. The trial court granted their motion and dismissed

the complaint as to them. The trial court entered final judgment as to the claims against them, having ruled that there existed no just reason for delay. The appellants assign two errors for our review.

*Assignment of Error No. I:*

"In a claim for personal injuries against a high school principal by a student predicated upon the principal's failure to initiate changes in a classroom environment which he knows or should know is likely to cause personal injury to students it is error to grant summary judgment in the principal's favor when evidence exists which demonstrates that the defendant principal has contradicted himself with regard to his knowledge of the dangerous classroom conditions."

The plaintiff's cause of action against her high school principal is limited to the allegation that he was negligent in purchasing, authorizing or failing to replace the stool from which she fell. It was alleged in the complaint that the stool was defective in design for use by teen-agers.

The nature and form of evidence which may be presented to the trial court in connection with a motion for summary judgment is prescribed in Civ. R. 56(C) and (E).[1] The defen-

---

[1] Civ. R. 56 provides, in part, as follows:

"(C) The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
"* * *

"(E) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for sum-

dants in this case submitted Mr. Myslenski's deposition and his answers to interrogatories, and portions of the depositions of plaintiff Jeri Boyer and defendants Jablonski and Reinagle. The plaintiffs did not submit any evidence in opposition to the defendants' motion for summary judgment.

Mr. Myslenski testified that the stools were in use when he became principal. In addition, he said that the furniture was functional, serviceable, and posed no danger to the students. Miss Boyer testified that there was nothing wrong with the stool she was sitting on. The record contains no evidence tending to show that the stool was defective in design. We find that, upon this state of the record, reasonable minds could only conclude that the classroom stools were *not* unsafe for use by teen-agers. The issue of whether the principal of a school can be held personally liable for the unsafe condition of furniture used in the school building need not be reached in disposition of this appeal. There being no genuine dispute of material fact for trial, the decision of the trial court granting summary judgment to defendant Myslenski was correct. This assignment of error is overruled.

*Assignment of Error No. II:*

"In a claim for personal injuries brought by a student against a high school teacher based on the failure of the latter to take necessary steps to maintain classroom discipline when the defendant teacher knows or should know that such failure creates a likelihood of injuries being inflicted upon one of the students it is error to grant summary judgment in favor of the defendant teacher when evidence exists which demonstrates that the defendant teacher knew or should have known of the dangerous classroom conditions."

In her deposition Miss Boyer described the incident as follows:

"[A.] I was sitting there. I was doing my project, and I remember Sharon [Jablonski] going back behind me because she was painting that day, and she came back, and I was still

mary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

drawing, and she kicked the chair from underneath me, and I went up.

"When I fell, my elbows hit the table, and then down to the floor.

" * * *

"Q. I mean, are you allowed to talk?

"A. Yes.

"Q. Sort of a group type thing, is that what it is?

"A. Yes.

"Q. So you are allowed to talk. Was there any horseplay going on between you and Sharon or you and any of the other students?

"When I'm talking about horseplay, I am talking about jumping around, or giggling, or tossing papers around, anything at all?

"A. No.

" * * *

"Q. You were down, and then got back up; and did it all happen within a matter of a few seconds?

"A. Yes.

"Q. It was very quick: out of the chair and down you went, and then back up again?

"A. Well, I didn't get back up—

"Q. Well, you got back up yourself. Did you yell for help or anything like that?

"A. No.

"Q. You did get up?

"A. Yes.

"Q. Did all this occur within a matter of two or three seconds; a second being a thousand one, a thousand two, a thousand three, would that be about it?

"A. Yes."

From the record and appellate briefs it appears that the plaintiff is seeking to impose liability upon her teacher for a sudden assault by another student which occurred without warning. A careful review of the record fails to disclose any evidence supporting the allegation contained in the plaintiffs' complaint that Mr. Reinagle failed to maintain proper control over his students or that he allowed this incident to happen.

The Ohio Supreme Court has ruled that:

"Public school teachers are required to exercise reason-

able care in the performance of their duties, and a complaint alleging that a student suffered personal injury as a direct and proximate result of a teacher's failure to use such care states a cause of action against the teacher." *Baird* v. *Hosmer* (1976), 46 Ohio St. 2d 273, syllabus.

While the general proposition of law contained in the syllabus of *Baird* v. *Hosmer* is correct, we find that, as a matter of public policy, it must be narrowly construed with respect to injuries resulting from assaults by other students. The plaintiff in *Baird* was not injured by another student; it was instead the teacher who allegedly caused the injury by requiring the plaintiff to perform a potentially dangerous exercise. The Supreme Court held that the allegation of those facts stated a cause of action.

In reviewing the decisions of other jurisdictions,[2] we note many instances where teachers have been found responsible for directly causing injury to students. In one case, teachers who were trying to treat a child's infected finger held the finger in boiling water for ten minutes. The teachers were found to be liable for the child's resulting injury. *Guerrieri* v. *Tyson* (1942), 147 Pa. Super. 239, 24 A. 2d 468. In *Damgaard* v. *Oakland High School District* (1931), 212 Cal. 316, 298 P. 983, a chemistry teacher was found liable for injuries caused by his negligent failure to protect his pupils during a dangerous experiment.

The courts are much more reluctant, however, to impose liability on a teacher upon the theory that he or she failed to maintain proper classroom control. In *Guyten* v. *Rhodes* (1940), 65 Ohio App. 163, the Hamilton County Court of Appeals ruled that a teacher was not liable for an injury sustained when one student struck another in the eye with a milk bottle while the teacher was temporarily absent from the room. The court found, as a matter of law, that the incident was not foreseeable and that the teacher's acts or omissions were therefore not the proximate cause of the student's injury.

The plaintiff herein alleged in her complaint that students in her class had kicked other students' stools out from under them on five previous occasions that semester. There is no evidence in the record to support that allegation.[3] Even if this

[2] See, generally, Annotation 32 A.L.R. 2d 1163.

[3] The appellant (Miss Boyer) attached copies of portions of her deposition to her brief on appeal; these portions, however, are not contained in the record of the trial court transmitted to this court.

fact were taken as true, however, it would not appear that the teacher could have anticipated and possibly prevented the incident in question.

A teacher's duty to maintain proper classroom decorum arises from the fact that students are unlikely to learn in an undisciplined setting. A high school teacher's primary duty is education, not protection. This is not to say that teachers are in all cases immune from suit. However, we are persuaded that the liability of a teacher cannot be predicated upon an unforeseeable assault in the classroom by one student upon another student.

We find that the alleged incident and resulting injury, as a matter of law, were not foreseeable from the standpoint of the defendant teacher. This assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CORRIGAN and PARRINO, JJ., concur.