ALLISON ET AL., APPELLANTS, *v.* FIELD LOCAL SCHOOL DISTRICT ET AL., APPELLEES.

(No. 1837—Decided August 1, 1988.)

*Michael J. DelMedico,* for appellants.

*Robert J. Drexler,* for appellees.

STILLMAN, P.J. Plaintiff-appellant, Robert Allison III, was a first grade student at Suffield Elementary School in the Field Local School District in Portage County, Ohio. On April 24, 1985, he was walking past a group of fourth grade students who were throwing "dirt balls" at each other. One of the dirt balls struck him in the eye causing a permanent injury.

At the time of the incident, the appellant was on the school playground during recess. The playground is divided into sections and the children are instructed to stay within their assigned area so that the younger children will not be harmed by the older children. The playground was supervised by two playground aides who circled the premises and enforced the rules. The appellant had been disciplined in the past for leaving the area designated for the younger children and wandering into the section for the older students.

A claim was filed by appellants, Robert Allison III and Robert Allison, Jr., against the Field Local School District, its board of education, and the principal, Paul R. Welch, on June 3, 1986. Appellees filed a motion for summary judgment on February 12, 1987 and, on April 23, 1987, the motion was granted. Appellants timely filed a notice of appeal, assigning a single error:

"The trial court erred in granting defendants-appellees' motion for summary judgment."

It has been established that a board of education no longer has available to it the defense of sovereign immunity. *Carbone* v. *Overfield* (1983), 6 Ohio St. 3d 212, 6 OBR 264, 451 N.E. 2d 1229. The issue before this court is whether the harm suffered by appellant was foreseeable, thus making the appellees liable for their failure to prevent the accident. If the injury was not foreseeable, then appellees, as a matter of law, cannot be held liable. Appellees claim that the supervision was not negligent, that the act was unforeseeable, and that the proximate cause of the injury was the act of throwing the dirt ball by one of the fourth graders.

In a school injury case, *Waiters* v.

*Schowerth* (Aug. 27, 1987), Cuyahoga App. Nos. 52490 and 52516, unreported, the court held that for an act to be the proximate cause of a tortious injury, it must appear that the injury complained of could have been foreseen or reasonably anticipated from an alleged negligent act. See *Ross* v. *Nutt* (1964), 177 Ohio St. 113, 29 O.O. 2d 313, 203 N.E. 2d 118.

In the case *sub judice,* no foreseeability claim appears tenable upon any reading of the complaint.

In *Guyten* v. *Rhodes* (1940), 65 Ohio App. 163, 18 O.O. 356, 29 N.E. 2d 444, the court held that a teacher's short-term absence from a classroom was not the proximate cause of an injury when a student threw a glass milk bottle at another, even though that student had made previous attacks on the other student. In *Boyer* v. *Jablonski* (1980), 70 Ohio App. 2d 141, 24 O.O. 3d 173, 435 N.E. 2d 436, a student was injured when another student kicked a chair out from under her. Even though students previously kicked chairs out from other students, the court granted summary judgment for the teacher, finding that, as a matter of law, the act was not foreseeable. "As a matter of law, a public school teacher is not liable for injuries to a student in his classroom which are caused by an unforeseeable assault by another student." *Boyer, supra,* syllabus.

When the appellant was injured, there were approximately three hundred children on the playground. A few of the older children were playing in a pile of dirt. They were permitted to play in the dirt but not permitted to throw it. Unfortunately, some of the children threw some dirt and the appellant was injured.

Recess is a physical outlet for young students who have spent a few hours in class. It is a time for play and the risk of injury is always present. This risk is partially minimized by the enforcement of rules, but it is unreasonable to expect that young children will behave during recess as the supervising adults and school officials hope. The appellants have not shown that the supervisors observed the fourth graders throwing dirt balls at each other without seeking to stop them. This court does not find that the acts of the fourth graders were foreseeable. The assignment of error is therefore overruled, and the judgment of the court below is affirmed.

*Judgment affirmed.*

VICTOR and FORD, JJ., concur.

SAUL G. STILLMAN, P.J., retired, of the Eighth Appellate District, WILLIAM H. VICTOR, J., retired, of the Ninth Appellate District, and ROBERT B. FORD, J., retired, of the Court of Common Pleas of Geauga County, sitting by assignment.