OPINION
The present case is a negligence action brought by Plaintiff-Appellants Melissa Titus ("Melissa") and her father, Frank Titus II against the Dayton Board of Education, its elected members, Tim Nealon, the principal, and Lydia Lamb, the teacher. On September 1, 1998, Defendant-Appellees filed a motion for summary judgment which was sustained by the trial court. Specifically, the trial court held that there was no genuine issue of material fact that Melissa's injuries were not foreseeable, and thus, Defendants were not negligent. Plaintiff-Appellants appeal this decision raising the following three assignments of error:
 Whether there exists a genuine issue of material fact on Defendant Lamb's failure to monitor the conduct of her classroom which were causative of the Plaintiff's injuries.
 Whether the trial court erred when it found no foreseeability and proximately [sic] cause between the conduct of Defendant Lamb and Plaintiff's injuries.
 Whether the trial court erred when it failed to consider liability against Defendant, Dayton Board of Education as well as its members based on the conduct of Defendant Lamb.
On February 27, 1990, Melissa was a seventh-grade student at Stivers Middle School in Dayton. During her seventh period social studies class, the fire bell rang, prompting the students to exit the school and line up in the appropriate location outside. The place where Melissa was standing during the fire drill was close to a three-foot embankment. While waiting to be allowed back in the school, Melissa was pushed by another student over the embankment. Melissa's social studies teacher, Ms. Lamb, was standing near the school, approximately a hundred and fifty feet away from where her class was lined up. However, there were approximately twenty other classes lined up along with Melissa's, and several faculty members were nearby. There is no evidence that any faculty member witnessed the incident.
Melissa contends that after the fall, she made several attempts to inform Ms. Lamb that she was hurt, but she would not allow Melissa to speak. Melissa further contends that it should have been evident to Ms. Lamb that she was injured by the way she was holding her arm after the fall. However, she did testify that she did not cry following the incident until after she left Ms. Lamb's class.
After riding the bus home, Melissa contacted her father who promptly took her to the emergency room to be examined. The evidence is not clear as to the exact injury to Melissa's arm, but she presently has developed atrophy which has caused reduced function in her shoulder, arm and fingers.
 I
In their first and second assignment of error, Appellants argue that the trial court erred in sustaining Appellees' motion for summary judgment finding no genuine issue of material fact as to foreseeability and proximate cause. Accordingly, these assignments will be handled together.
According to Civ. R. 56, a trial court should grant summary judgment only when the following tripartite test has been satisfied: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
The moving party has the burden to establish that there is no genuine issue as to any material fact. Id. This burden can only be met by identifying specific facts in the record which indicate the absence of genuine issues of material fact. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. By establishing that the non-moving party's case lacks the necessary evidence to support its claims, the moving party has successfully discharged its burden. Id. at 289-90.
Once this burden has been met, the non-moving party then has a reciprocal burden as outlined in Civ. R. 56(E), which provides the "adverse party may not rest upon the mere allegations or denials of [the party's] pleadings," but "must set forth specific facts showing that there is a genuine issue for trial." See id.
at 293. Civ. R. 56(E) provides if the non-moving party does not respond or outline specific facts to demonstrate a genuine issue of material fact, then summary judgment is proper. Id.
In order for a plaintiff to establish negligence, he must prove the following: (1) defendant owed him a duty; (2) that duty was breached; and (3) that breach of duty proximately caused plaintiff's injury. Moncol v. Bd. of Ed. (1978), 55 Ohio St.2d 72,75 (citations omitted). As to the first element, a teacher in a public school has been held to an ordinary duty of reasonable care in exercising her duties. Baird v. Hosmer (1976), 46 Ohio St.2d 273, syllabus. This is the same duty owed by the general public to other people. This duty does not require constant personal supervision of each student in a teacher's class. See e.g. Hayes v. Westfall Local School Bd. of Educ. (Aug. 27, 1986), Pickaway App. No. 85CA30, unreported, at p. 3. Consequently, lack of supervision alone is not a breach of a teacher's duty to her students.
The third element requires that the actions of the teacher, in this case Ms. Lamb, were the proximate cause of Melissa's injuries. In this regard, the Supreme Court has defined proximate cause as follows:
 For an act to be the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of such act.
 To find that an injury was the natural and probable consequence of an act, it must appear that the injury complained of could have been foreseen or reasonably anticipated from the alleged negligent act.
Ross v. Nutt (1964), 177 Ohio St. 113, 114 (citation omitted). If an independent act of a third person intervenes following the alleged negligent act, the defendant's negligence would only be the proximate cause of the injuries if the "defendant could reasonably have foreseen that the intervening act was likely tohappen." Waiters v. Schowerth (Aug. 27, 1987), Cuyahoga App. Nos. 52490, 52516, unreported, citing Taylor v. Webster (1967), 12 Ohio St.2d 53,56 (emphasis added). Consequently, if the plaintiff's injury was not foreseeable, then the defendant cannot be held liable as a matter of law. Allison v. Field Local School Dist.
(1988), 51 Ohio App.3d 13, 14; Boyer v. Jablonski (1980),70 Ohio App.2d 141, 146.
When determining proximate cause, courts have been very reluctant to impose liability on a teacher for failure to maintain her classroom when there is an assault by one student upon another. In Boyer v. Jablonski, a student kicked a chair out from under another student causing an injury. (1980), 70 Ohio App.2d 141
. The injured student alleged that similar incidents had occurred on five previous occasions during the semester. Id. at 146. Even taking the prior incidents as true, the court held the teacher could not have anticipated or prevented this act from occurring. Id. Accordingly, the court held as a matter of law that the incident and resulting injury were not foreseeable by the teacher and thus, he could not be held liable. Id.
Similarly, another appellate court found that a teacher was not liable for an injury sustained by a student who was struck by a milk bottle thrown by another student. Guyten v. Rhodes (1940),65 Ohio App. 163. In that case, the teacher had temporarily left the room at the time of the incident. Id. The court found no evidence that supported the incident would not have occurred had the teacher been present in the room at the time. Id.
Accordingly, the court held that the incident was not foreseeable, and therefore, the teacher's absence from the classroom was not the proximate cause of the student's injury. Id.
These and other cases have all found that a public school teacher is not liable for injuries to students "which are caused by an unforeseeable assault by another student." Hayes, supra; see also Allison, supra; Guy, supra; Waiters, supra. In the present case, the assault on Melissa by another student could not have been foreseen by Ms. Lamb. She was standing on the steps outside the school building at the time of the assault, and several other faculty members were also in the vicinity. It is impossible for a teacher to personally monitor each student in her class at all times. See Hayes, supra. Further, Plaintiffs did not submit any evidence that this assault would have been prevented by Ms. Lamb's presence in closer proximity to her class. It is clear to this court that Ms. Lamb's failure to hover directly around her class was not the proximate cause of Melissa's injuries. Therefore, as a matter of law, she was not negligent and cannot be held liable., Plaintiffs make a further allegation that Ms. Lamb failed to acknowledge Melissa's injuries following the assault. However, the allegation ends there. There is no claim, nor evidence presented by Plaintiffs that this delay caused any further injury to Melissa. If Plaintiffs intended to argue that Ms. Lamb's failure to attend to Melissa's injuries was actionable negligence, they were required to submit some evidence that Melissa's injury was worsened by this alleged negligence. Morris v. Children'sHospital Medical Ctr. (1991), 73 Ohio App.3d 437, 446, citingMoncol, supra. This did not occur. Therefore, with no claim or proof of resulting damage, this negligence claim must fail.
 II
Finally, in their third assignment of error, Appellants argue that the trial court erred in not finding the Dayton Board of Education liable based on Ms. Lamb's conduct. Considering our above finding that Ms. Lamb's conduct was not negligent, the Dayton Board of Education also cannot be held liable. Since we have found no negligence by any party, the issue of immunity need not be addressed. Accordingly, all three of Appellant's assignments of error are overruled. Judgment affirmed.
FAIN, J., and YOUNG, J., concur.
Copies mailed to:
Aaron G. Durden
Patrick K. Dunphy
HON. PATRICK FOLEY