## Commonwealth v. Allen

*Ralph Bienk,* for Commonwealth.
*Clarence Morrison,* for defendant.

WICKERSHAM, *J.,* December 30, 1976 — On September 27, 1976, defendant, Thomas Allen, was a fourth grade teacher at the Steele School, a part of the Harrisburg school system. An incident arose during a recess period involving several of the nine and ten-year-old children in the class. Exercising his discretion, defendant decided that a paddling was called for. The involved school children, numbering more than five, were required to stand, whereupon Thomas Allen administered one blow to each child in the customary area of the body.[1]

One of the children in the group who was thus paddled, Jason Fossi, age nine, reported the incident to his parents that evening, whereupon they appeared before a Justice of the Peace, Paul H. Hardy, in Harrisburg, and caused a criminal complaint to issue against defendant, Thomas Allen, by virtue of which he was charged with the crime of harassment.[2]

---

1. The school teacher borrowed the paddle from a colleague in the next classroom, Miss Patricia Stoner, who observed the paddling and testified in court that each blow appeared to her to be just taps.

2. Harassment is defined in the Crimes Code as follows:
"2709. Harassment
"A person commits a summary offense when, with intent to harass, annoy or alarm another person:
"(1) he strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same; or

A hearing was duly held October 20, 1976, at which time defendant pleaded not guilty and was found guilty by the district justice. Defendant appealed to the Dauphin County Common Pleas Court.[3]

At the court hearing, testimony was received from the young lad, his mother, Jeanette Fossi, defendant, Thomas Allen, and Miss Patricia Stoner.[4]

The Public School Code of March 10, 1949, P.L. 30, 24 P.S. §1-101 et seq., provides for the authority of teachers over pupils as follows:

"§13-1317. Authority of teachers, vice principals and principals over pupils

"Every teacher, vice principal and principal in the public schools shall have the right to exercise the same authority as to conduct and behavior over the pupils attending his school, during the

---

"(2) he follows a person in or about a public place or places; or

"(3) he engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.": Act of December 6, 1972, P.L. 1482 (No. 334), sec. 1, effective June 6, 1973. 18 Pa.C.S. §2709.

3. Hearing held before Judge Richard B. Wickersham, December 16, 1976; Clarence C. Morrison, Esq., for defendant and Rolf Bienk, Esq., Deputy District Attorney, for the Commonwealth.

4. Mrs. Fossi testified inter alia that her son came home from school complaining of a sore left buttocks and upon observation, there was an eight-inch bruise which was black and blue and raised. She consulted her pediatrician but the child received no medical treatment. The child's pediatrician, Dr. Clara G. Wertime, certified in writing that she examined Jason on September 28, 1976, and found an extensive bruised area over the right buttock, "presumably the result of the teacher having twiced paddled Jason 24 hours ago."

time they are in attendance, including the time required in going to and from their homes, as the parents, guardians or persons in parental relation to such pupils may exercise over them": As amended July 25, 1963, P.L. 315, sec. 1, 24 P.S. §13-1317.

The School Code further provides as follows:

"§5-510. Rules and regulations; safety patrols; school police

"The board of school directors in any school district may adopt and enforce such reasonable rules and regulations as it may deem necessary and proper, regarding the management of its school affairs and the conduct and deportment of all superintendents, teachers, and other appointees or employes during the time they are engaged in their duties to the district, as well as regarding the conduct and deportment of all pupils attending the public schools in the district, during such time as they are under the supervision of the board of school directors and teachers, including the time necessarily spent in coming to and return from school." As amended October 17, 1974, P.L. 759 (No. 257), sec. 1, 24 P.S. §5-510.

Conduct of the pupils then is the dual responsibility of both the board and the teaching and administrative personnel. They must balance the interests of the individual student against the interests of the entire student body. Common sense dictates that they must be given a certain amount of discretion. Absent constitutional questions, actions in disciplinary cases should not be disturbed if they bear a reasonable relationship to upholding the physical and moral safety of other students and

teachers. See Woodring v. School Directors of Bald Eagle Area Sch. Dist., 56 D. & C. 2d 401 (1972).

Under Pennsylvania law, school authorities stand in loco parentis over children while they are in attendance at school. This grants the board of school directors and teachers and administrators with such authority over minor children as is necessary to prevent infractions of discipline and interference with the educational process: Axtell v. LaPenna, 323 F. Supp. 1077 (W.D. Pa., 1971), and Glaser v. Marietta, 351 F. Supp. 555 (W.D. Pa., 1972).

Under all of the evidence and the law, we find defendant, Thomas Allen, acted in an appropriate manner with adequate justification and that his actions were legally warranted.[5]

## ORDER

And now, December 30, 1976, the appeal of Thomas Allen is sustained and the finding of guilt by District Justice Paul H. Hardy on a criminal charge of harassment is reversed.

---

5. We find it of no added significance that Jason Fossi's parents had returned the top of a form to the principal of the Steele School at the start of the school term advising the principal that they did not want their son paddled under any conditions. Among other things, this information was not brought to the attention of the teacher involved. We do not reach, therefore, the seeming conflict between the above-quoted sections of the Public School Code of 1949 and the action of Harrisburg Board of School Directors in sending a form letter to parents allowing such parents to make written objections to the child's being paddled.